### H. F. WILCOX OIL & GAS CO. et al. v. FLEMING et al.

No. 23203. Opinion Filed May 16, 1933.

W. J. Holloway and Pierce, Follens & Rucker, for petitioners.

Johnson & Jones, for respondents.

RILEY, C. J. Herein is presented an original petition to review an award of the State Industrial Commission. The award was for compensation at $18 per week, for five weeks, less any amount thereafter paid, for temporary total disability, and for compensation at the same rate for 125 weeks for permanent partial disability on account of 25 per cent. loss of vision of both eyes.

The award for total disability is clearly sustained by the uncontradicted evidence. The alleged accidental injury out of which the claim arose was caused by gasoline being splashed in claimant's eyes while starting a pump to load gasoline.

Petitioners first contend that the award is contrary to law for the reason that the uncontradicted evidence shows that claimant had some loss of vision prior to the date of the accidental injury.

This contention cannot be sustained. A careful examination of the record will disclose that there is no evidence whatever showing or tending to show any loss of vision prior to the accidental injury.

The evidence does show that claimant probably had trachoma prior to the injury, but none of the witnesses testify directly to any loss of vision prior to the injury. The evidence is in conflict as to whether the disease was active or dormant prior to the injury. All the expert witnesses agree that claimant had trachoma in both eyes at the date of the hearing.

The testimony of certain of the expert witnesses, who testified on behalf of the petitioner, was that from the examination they made some three months or more after the injury, it was their opinion that the trachoma was one of long standing, and that they were of the opinion that the loss of vision was caused by the pre-existing trachoma. However, they were able to testify only that in their opinion there was a partial loss of vision before the injury. Their testimony is entirely silent as to the extent of the supposed loss of vision. On the other hand, claimant himself testified that his vision was good before the accident; that he had no loss of vision, and had never had any trouble with his eyes before the injury, except once when a boy about eight years old when he got some dust in his eyes; that he was 27 years old

at the time of the hearing, and before this accident he had never worn glasses, but thereafter he was compelled to wear glasses at all times.

The testimony of the expert witnesses for claimant was to the effect that, in their opinion, claimant had trachoma in a dormant state prior to the accident, and that the gasoline excited the disease to virulency, causing the partial loss of vision. However, the first report of the attending physician, who examined claimant five days after the accident, stated that there was no infectious disease.

Petitioners cite a number of cases which hold that recovery cannot be had for permanent loss without proving degree of pre-existing loss of vision or absence thereof at the time of injury, and that where the record shows impairment of vision before the injury, mere evidence disclosing a loss of vision is insufficient to sustain an award.

The above rule is stated, in substance, in Ellis & Lewis v. Lane 152 Okla. 273, 4 P. (2d) 104; Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. (2d) 411.

The I. T. I. O. Co. v. Hendrixson, 158 Okla. 176, 15 P. (2d) 137, case holds:

"The difference between the permanent loss of vision prior to the injury and the permanent loss of vision after the injury, constitutes the amount of permanent loss of vision resulting from the injury, and must be the basis of the award to be made to the injured workman therefor."

The above rule applies where there is an admitted pre-existing disability, or where the uncontradicted evidence shows such disability, or where the State Industrial Commission finds such pre-existing disability from the evidence before it.

In this case claimant contended and testified, in effect, that there was no loss of vision prior to the accident.

The expert witnesses for claimant testified, in effect, that, in their opinion, the trachoma, if any, that existed prior to the injury, was dormant, and the first report of the attending physician though somewhat weakened by his subsequent testimony showed no infectious disease at the time of the first examination five days after the accidental injury.

There is no admitted pre-existing loss of vision. It is not shown by the uncontradicted evidence there was pre-existing loss of vision. Therefore, the question of the extent of loss of vision was a question of fact for the State Industrial Commission, as well as whether or not such loss of vision was caused by the accidental injury involved.

The findings of fact were in favor of claimant on what, at best, might be said to be conflicting evidence.

There being competent evidence tending to support the findings and award of the Commission, the petition is denied and the award is affirmed.

CULLISON, V. C. J., and ANDREWS, SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.