Calvin W. SMITH, Petitioner,

v.

WORKERS' COMPENSATION COURT of the State of Oklahoma; The Austin Company; and/or Tulsa Acoustical Company; and/or Subcon Services, Inc.; and/or Bob Vale Paint Company; and/or Bob Vale Acoustical Drywall, Inc.; and/or General Accident Fire & Life; and/or Travelers Insurance Company; and/or U. S. F. & G. Insurance Company; and/or Hartford Insurance Company; and/or Mid–Continent Casualty Company, Respondents.

No. 54191.

Supreme Court of Oklahoma.

Oct. 14, 1980.

John L. Harlan, Sellers & Harlan, Sapulpa, for petitioner.

Sanders, McElroy & Carpenter, Tulsa, for respondents, Tulsa Acoustical Co. and Travelers Insurance Co.

IRWIN, Vice Chief Justice.

Calvin W. Smith (claimant) sought workers' compensation benefits from several former employers and their insurance carriers for alleged disabilities resulting from an occupational disease (asbestosis). The trial tribunal denied recovery as against Tulsa Acoustical Company, The Austin Company and their respective insurance carriers on the theory that claimant was not "an employee of The Austin Company or Tulsa Acoustical Company on the last day of injurious exposure".[1] Claimant's rights as to

---

1. The parties agree that the trial court inadvertently based its order on the wrong provision of

85 O.S.1971, § 11(3), the first part which is applicable to all occupational diseases except

the other name of respondents were reserved. Claimant seeks review of the order denying him compensation benefits.

On review, claimant does not challenge the order denying him benefits as against The Austin Company and its insurance carrier; therefore, that part of the order is sustained.

The record discloses that claimant, while an employee of Tulsa Acoustical Company (Respondent), was exposed to the danger of inhalation of asbestos dust for more than five (5) days during 1973 and for more than fifty–six (56) days between June 1, 1975 and July 1, 1976. The principal issue presented is whether the 5 days may be "tacked" onto the 56 days to meet the sixty (60) days exposure requirement of 85 O.S. 1971, § 11(3)[2] which provides:

"3. Permanent Partial Disability. Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefore, without right to contribution from any prior employer or insurance carrier, *provided, however, that in the case of silicosis or asbestosis, the only employer and insurance carrier liable shall be the last employer in whose employment the employee was last exposed to harmful quantities of silicon dioxide ($S_1O_2$) dust on each of at least sixty (60) days or more, and the insurance carrier, if any, on the risk when the employee, was last so exposed under such employer."* (e. a.)

Claimant contends that the two periods of exposure may be "tacked" to meet the 60 days requirement. Respondents contend that the 60 days requirement means on each of at least 60 days of continuous uninterrupted employment by the same employer.

Workmens' compensation legislation for occupational diseases was first enacted in 1953. Okl.Session Laws 1953, pgs. 427–430. Although "asbestosis" and "silicosis" were specified as occupational diseases,[3] special provisions were made applicable to those two diseases that were not applicable to other occupational diseases.[4]

Section 11(3) was re–enacted in 1977 and is codified as § 11(4). It is the only section in our present Workers' Compensation Act which makes a distinction between "asbestosis" and "silicosis" and other occupational diseases.

Under § 11(3), the liability of compensation for an occupational disease, except for asbestosis and silicosis, is placed on the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer is liable. The period or length of time the employee is injuriously exposed or employed is immaterial in establishing liability.

■ However, in the case of asbestosis or silicosis, a claimant is not entitled to com-

asbestosis and silicosis. The parties also agree that the second part of the statute, which is applicable only to asbestosis and silicosis, is controlling in the case at bar.

**2.** This claim is governed by the laws existing prior to the 1977 enactment of the new "Workers' Compensation Act", effective July 1, 1978. 85 O.S.1979 Supp. § 1 et seq.

**3.** 85 O.S.1971, § 3(16), sub–paragraphs (*l*) and (m).

**4.** Some of the statutes that were enacted in 1953 which were repealed by the new "Workers' Compensation Act" in 1977 are:

85 O.S.1971, § 3.2, defining "Asbestosis".

85 O.S.1971, § 3.3 defining "Silicosis". This section provided that "In the absence of conclusive evidence in favor of the claim, disability from silicosis or asbestosis shall be presumed not to be due to the nature of any occupation unless during the ten (10) years immediately preceding the date of disablement the employee has been exposed to the inhalation of silica dust or asbestos dust over a period of not less than two (2) years . . ."

85 O.S.1961, § 22(8), enacted in 1953, prescribed a schedule of compensation for silicosis and asbestosis and contained this proviso "no compensation shall be payable for partial disability from silicosis and asbestosis." Section 22(8) was repealed in 1971. Okl.Session Laws 1974, C. 336, pgs. 876–877.

pensation benefits unless he has been exposed to harmful quantities of silicon dioxide on each of at least sixty (60) days or more while in the employment of the same employer. The "last employer in whose employment the employee was last exposed on each of at least sixty (60) days or more," shall be liable. And, the "insurance carrier, if any, on the risk when the employee was last so employed under such employer" is liable. There is no language in this section that could be construed as requiring at least sixty (60) days of continuous uninterrupted employment by the same employer before liability attaches.

■ We hold that each day that claimant was exposed to harmful quantities of asbestos dust during 1973 or any other period while an employee of respondent may be tacked onto the 56 days he was harmfully exposed to such dust between June 1, 1975 and July 1, 1976. Our holding is not in conflict with the cases cited by respondents from other jurisdictions. There is a material difference between the statutes construed in those cases and § 11(3).

It appears that respondent's insurance coverage was written by Travelers Insurance Company between June 1, 1975 and July 1, 1976, during which claimant sustained 56 days of exposure. Travelers contends that it is not liable because it was not respondent's insurance carrier for the required 60 days of exposure.

The "insurance carrier, if any, on the risk when the employee was last so exposed under such employer" is liable in the case at bar. Although the insurance carrier cannot be liable unless liability attaches to its insured, the requirements for liability of the insurance carrier are not the same as for the insured—employer.

Section 11(3) employs singular language when it imposes liability against an employer and its insurance carrier whether compensation for asbestosis or silicosis or another occupational disease is involved. The term "last so exposed under such employer" has reference only to the last employer against whom an employee can establish the 60 days exposure requirement and re-

lates to the time that the employee was "last exposed to harmful quantities of silicon dioxide". If Travelers Insurance Company was Tulsa Acoustical Company's insurer on the last day claimant was "exposed" while an employee of respondent, and claimant establishes respondent's liability, then liability against Travelers Insurance Company is established.

Order sustained as to The Austin Company and its insurance carrier, General Accident Fire & Life Assurance Corp. Order vacated as to Tulsa Acoustical Company and its insurance carrier, Travelers Insurance Company and the cause remanded to the trial tribunal for further proceedings.

ORDER SUSTAINED IN PART; AND VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

LAVENDER, C. J., and WILLIAMS, HODGES, BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

OPALA, J., disqualified.