**Henry L. PARKS, Petitioner,**

v.

**FLINT STEEL CORP., and The Workers Compensation Court, Respondents.**

No. 69199.

Supreme Court of Oklahoma.

May 31, 1988.

As Corrected June 7, 1988.

Whalen & Collinson by Thomas Whalen, Tulsa, for petitioner.

McGivern, Scott, Gillard, McGivern & Robinson by Paul V. McGivern, Jr., and Daniel L. Crawford, Tulsa, for respondents.

DOOLIN, Chief Justice.

The principal issue, one of first impression, presented in this workers' compensation case is whether the last injurious exposure rule[1] transfers total liability from an earlier employer to a subsequent employer for a worker's accidental injury when the proof shows the disability is a result of injury which occurred during the earlier employment. We answer in the negative.

The claimant, Henry L. Parks, had been employed as a welder at Flint Steel (Flint) for over thirty years until the plant closed. Claimant left his job with Flint in April 1984, collected unemployment benefits, and then started working for Tower Components (Tower) in October, 1984, doing the same type of work as when he was employed at Flint. On October 29, 1985, claimant commenced this proceeding to obtain compensation for hearing loss in both of his ears caused by an accidental injury arising from many years of exposure to excessive noise while working at Flint's

---

1. The last injurious exposure rule is set out in 85 O.S.1981 § 11(4) which provides in pertinent part:

4. Permanent Partial Disability. Where compensation is payable for an *occupational disease*, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefore, without right to contribution from any prior employer or insurance carrier, provided, however, that in the case of silicosis or asbestosis,.... (Emphasis added).

steel fabricating plant. Prior to trial, Flint pleaded as one of its defenses that the claim was barred by the one year statute of limitations prescribed in 85 0.S.1981 § 43.

However, claimant alleged in effect that Flint, his former employer, became aware of his compensation entitlement on April 8, 1982—when Flint administered an audiogram to claimant which revealed a binaural hearing loss of 31.5 percent. The record discloses that claimant was not informed of, nor offered medical advice or treatment from Flint concerning the results of the 1982 audiogram. At trial, both sides presented conflicting medical evidence.

Claimant's medical report, submitted by Dr. R. W., stated Claimant had sustained a 36.25 percent binaural hearing loss. Dr. W. testified that claimant's one year of employment with Tower could have aggravated claimant's hearing loss, but he added such minimal exposure "would not be significant;" because there was "not much change between these two." Here, Dr. W. was referring to the 1982 hearing tests conducted at Flint Steel and his November, 1985 audiogram. He concluded: "I don't think—according to pure tones, there was very little difference between the two." Flint's medical report, submitted by Dr. R. K., found zero percent binaural hearing impairment.

Flint, invoking the last injurious exposure rule, argued claimant's current employer, Tower, is responsible, because claimant is being continually and injuriously exposed to hazardous and excessive noise levels. Flint claimed that it is relieved of all liability because the conditions at Tower are capable of causing and have aggravated claimant's hearing loss. Under the last injurious exposure rule, Flint insisted that Tower is the responsible employer, because "for all practical purposes, cumulative effect accidents and occupational diseases are essentially the same thing with but a different name." To support this proposition, Flint places great reliance on the cases of *Utica Square v. Barron*, 595 P.2d 459 (Okl.App.1979) and *Buntin v.*

*Sheffield Steel*, 707 P.2d 557 (Okl.App. 1985).

The trial judge excused claimant's failure to give statutory written notice because Flint had knowledge of the facts and circumstances surrounding claimant's injury and was not prejudiced by claimant's failure. The trial court rejected Flint's medical evidence and found the claimant sustained an accidental personal injury, consisting of a binaural hearing loss of 16.17 percent, and awarded him temporary total and permanent partial disability benefits.

In a split decision, the three-judge panel of the Workers' Compensation Court vacated that order, holding such was contrary to law, and denied compensation. It found "claimant sustained a hearing loss in a subsequent employment." The dissenting judge would have affirmed the trial court's order, "because the (1982) hearing tests conducted at Flint Steel showed that claimant had sustained all of the hearing impairment awarded while in the employ of respondent."

Claimant seeks appellate review and reinstatement of the trial court's order because, he contends, there is no competent evidence to support the order of the appellate panel. We agree.

Flint alleges that this "Court has consistently applied the Last (Injurious) Exposure Doctrine to cumulative trauma accidents as well as occupational diseases." This naked argument, unsupported by either facts or citation of authority, is without merit and the same will be treated as waived. *Tiger Flats Production Co., Inc. v. Oklahoma Petroleum Extracting Co.*, 711 P.2d 106, 108 (Okl.1985).

Moreover, Flint's reliance on the Courts of Appeals' decisions in *Utica Square* and *Buntin* is unpersuasive, distinguishable—and not binding upon this Court. Further, this Court has never applied the last injurious exposure rule to an accidental injury case where the evidence shows, as presented here, that a disability was caused solely by an accidental injury occurring during an earlier employment.[2]

**2.** In *Utica Square,* the Court of Appeals, stated     that the last injurious exposure rule should "ap-

In Oklahoma, the last injurious exposure rule is designed to apply in situations where an employee contracts an "occupational disease," and then establishes that such disability resulted from causal conditions at two or more places of successive employment. *Smith v. Workers' Compensation Court*, 618 P.2d 942 (Okl. 1980). The substantive nature of the rule assigns liability between successive employers. The rule also relieves the employee from proving specific medical causation as to any particular employer or insurance carrier of those potentially liable for the disability. Thus, the last employment that bears a causal relation to that disability, i.e. by providing some potentially causal conditions or contributory exposure, is deemed to have caused the disease, even though the employee has not proved the last employment was the actual cause of the disability.[3]

Obviously, the rule is inapplicable in situations like the instant case where claimant's hearing loss was the result of an accidental injury which occurred in his prior employment. This Court has "long recognized that hearing loss resulting from prolonged exposure to loud or concussive noise is an accidental injury."[4] In compensable accident and cumulative-effect-of trauma cases, the determinative date in ascertaining disability "is the date the manifested condition first becomes known or should be known as job related."[5] In other words, an accident "arises by some definite event the date of which can be fixed with certainty, but which cannot be so fixed in the case of an occupational disease."[6]

The rule cannot be used to hold claimant's subsequent employer responsible for compensation for claimant's disability, which, according to the unrefuted medical evidence, was caused by and arose during claimant's first employment with Flint. Even though the conditions at claimant's subsequent employment with Tower are capable of causing the disability, Tower is not liable because the trial judge found that Tower's employment conditions were not a causative factor in bringing about the claimant's disability. And that finding stands undisturbed by the three-judge review panel. Here, there is no valid reason to apply the rule.

Our review of the record indicates the decision of the appellate panel of the Workers' Compensation Court is not supported by any competent evidence. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984). We specifically find the finding of fact made by the appellate panel: "claimant sustained a hearing loss in a subsequent employment," is unsupported by competent evidence. Since Flint's medical expert found no binaural hearing impairment and claimant's disability manifested itself during his employment with Flint, there is no evidence claimant sustained any injury as a result of injurious exposure at his subsequent employment with Tower. Thus, the decision of the panel is erroneous as a matter of law, and this Court cannot sustain the order on review. *Mayberry v. Walker's Masonry*, 542 P.2d 510, 512 (Okl. 1975), 85 O.S. 1981 § 26.

We are of the opinion and hold the trial court's order is supported by competent medical evidence to sustain the finding as to claimant's accidental injury which arose out of and in the course of his employment with Flint. The trier of fact was uncon-

ply to cumulative accidental injuries." 595 P.2d at 462. In *Utica Square*, an earlier insurance carrier was dismissed from the case, and a subsequent carrier was held liable, because the claimant sustained a compensable accidental injury that manifested itself during the period of claimant's employment which was covered by the subsequent carrier. The appellate court found that the subsequent, and not the former, carrier was liable. The fact that claimant's disability occurred on an identifiable date, as in this case, obviated the need to apply the rule.

3. See, e.g., *Pocahontas Fuel Co. v. Godbey*, 192 Va. 845, 66 S.E.2d 859 (1951); *Inkley v. Forest Fiber Products Co.*, 288 Or. 337, 605 P.2d 1175 (1980). See also 4 Larson, Workmen's Compensation Laws § 95.20 (1987).

4. *Peabody Galion Corp. v. Workman*, 643 P.2d 312, 316 (Okl.1982).

5. *Id.*

6. *Douglas Aircraft Co. v. Snider*, 165 P.2d 634, 636 (Okl.1945).

vinced claimant's work-related injury was caused by his one year of employment with Tower, because the disability was diagnosed on an identifiable date during claimant's earlier employment with Flint. The evidence here supports the trial court's finding claimant's condition first became known to Flint two years before claimant left his job. The probative value to be given medical evidence is a determination to be made exclusively by the trial court. *Department of Public Safety v. Jones*, 578 P.2d 1197 (Okl.1978). Flint's arguments to the contrary are not supported by any authority. *Rodgers v. Oklahoma Wheat Pool Terminal Corp.*, 96 P.2d 1040 (Okl. 1939).

Order of appellate panel of the Workers' Compensation Court VACATED as contrary to the law applicable to the causation of repeated impact trauma injuries, and order of Trial Court REINSTATED, and hereby SUSTAINED.

HARGRAVE, V.C.J., and HODGES, LAVENDER, OPALA, WILSON and SUMMERS, JJ., concur.

SIMMS and KAUGER, JJ., concur in result.