LUMMUS CONSTRUCTION and CNA Insurance Company, Petitioners,

v.

Morris VANCOURT and the Workers' Compensation Court, Respondents.

No. 78428.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 15, 1992.

Michael D. Gilliard, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for petitioners.

Thomas Whalen, Whalen & Collinson, Tulsa, for respondents.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Lummus Construction employed Morris Vancourt from July 5, 1989 until June 21, 1990. Vancourt, a pipe fitter for over twenty years, filed a claim for hearing losses in both ears, allegedly from exposure to loud noises during his employment with Lummus. The trial court found Vancourt had an 11.2 per cent binaural hearing loss and ordered Lummus to pay permanent partial disability benefits.

Lummus Construction denies Vancourt sustained all his hearing loss while in Lummus's employ, citing uncontradicted evidence Vancourt had a hearing problem prior to his employment by Lummus[1]. Lummus argues the Workers' Compensation Court erred in finding it liable for all of Vancourt's hearing loss, citing *J.C. Penney v. Crumby*, 584 P.2d 1325 (Okla.1978), claiming any hearing loss should be apportioned. Vancourt responds by arguing: (1) 85 O.S.1991 § 11(4), and its predecessor, requires the last employer to bear the consequences, and (2) any previous hearing loss was an affirmative defense for which Lummus had the burden of proof and did not meet that burden.

Section 22(7) of Title 85, Oklahoma Statutes, 1991, as did the version in effect during Vancourt's employment by Lum-

---

1. Vancourt did not produce evidence of the nature or extent of his pre-existing hearing problem. In setting the award at 11.2 per cent, the trial court apparently rejected an apportionment formula advanced by Lummus's medical expert (the percentage of disability found by the expert divided by the number of years Vancourt had been employed as a pipe fitter). The medical expert's apportionment, though based on his experience and concept of fairness to the last employer, is not based on any scientific criteria, the AMA Guides or any legal precept. As such, the apportionment was arbitrary and incompetent, and the trial court did not err in failing to use this apportionment theory.

mus, limits permanent disability compensation to only that amount of disability caused by the accidental injury or occupational disease in cases where the worker suffered from a "previous impairment which produced permanent disability." Under this section, an employer is not responsible for any pre-existing disability when an accidental injury aggravates a previous impairment, and the employee receives benefits only for any additional disability caused by the work-related incident.

Vancourt argues this statutory rule of apportionment does not apply to the occupational disease of hearing loss because § 11(4) places the burden for occupational diseases on the last employer where the employee was exposed to the risk of the disease. However, the Oklahoma Supreme Court has refused to treat cumulative trauma, such as hearing loss, as an "occupational disease." *Southwest Factories, Inc. v. R.L. Eaton*, 453 P.2d 1021 (Okla.1969); *Munsingwear v. Tullis*, 557 P.2d 899 (Okla.1976); *Parks v. Flint Steel Corporation*, 755 P.2d 680 (Okla.1988). Section 11(4) does not prohibit apportionment.

Having determined apportionment is required for cumulative hearing loss claims under appropriate evidence, we must determine whether this trial court order, which did not apportion, is supported by the evidence. As noted in § 22(7), apportionment is appropriate only when the worker suffered from a "previous impairment which produced permanent disability". Although the record contains uncontradicted evidence of pre-employment hearing loss, the trial court heard no evidence concerning the extent of that hearing loss, or whether it resulted in disability.[2] Therefore, our decision turns on allocating the burden of proof on this issue.

Vancourt argues the existence of previous disability or injury is an affirmative defense upon which the employer bears the burden of proof. There is little Oklahoma authority on this issue, but our analysis of that authority leads us to conclude Vancourt had the burden of proof under the circumstances of this case. In *H.F. Wilcox Oil & Gas Co. v. Fleming*, 163 Okl. 290, 22 P.2d 72 (1933), the Oklahoma Supreme Court, explaining *Ellis & Lewis v. Lane*, 152 Okl. 273, 4 P.2d 104 (1931) and *Wise–Buchanan Coal Co. v. Risco*, 150 Okl. 190, 1 P.2d 411 (1931), concluded the employer had the burden of proving the existence and extent of pre-existing disability except when there was uncontroverted evidence of prior injury, prior loss was admitted, or a prior loss was found by the trial court. Under those circumstances, the burden of proof is on the claimant.

At trial, Vancourt admitted he had a noticeable hearing loss a few months prior to the time he went to work for Lummus. He had the burden of proving either the extent of any prior permanent disability caused by that hearing loss or that it caused no prior permanent disability. Without such proof there is no competent evidence supporting the award of permanent partial disability benefits. *Ellis & Lewis v. Lane*, 4 P.2d at 105.

As in *Ellis & Lewis* and *Wise–Buchanan*, the award must be vacated and the cause remanded for further proceedings. Upon remand, the trial court must determine the extent of the admitted hearing loss and the resulting disability, if any, which pre-dated Vancourt's employment by Lummus.

VACATED AND REMANDED WITH INSTRUCTIONS.

GARRETT and JONES, JJ., concur.

---

**2.** The employer's medical expert did testify that not all levels of hearing loss produce permanent disability.