999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED DOMINION INDUSTRIES, also known as AMCA International
Corporation, Plaintiff-Appellant,
v.
ECONO-THERM ENERGY SYSTEMS CORPORATION, and Morgan Pump
Company, Defendants-Appellees.
 No. 92-5149.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DEE V. BENSON, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff United Dominion Industries appeals from an order of the district court dismissing its complaint.
 
 
 6
 The record indicated defendant Econo-Therm Energy Systems Corp. had filed Chapter 11 bankruptcy. Therefore, we questioned whether this matter is stayed pursuant to 11 U.S.C. § 362(a), (c). See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir.1988) (court has duty to examine its jurisdiction sua sponte), cert. denied, 489 U.S. 1080 (1989).
 
 
 7
 Counsel has informed us Econo-Therm has had a plan of reorganization confirmed. Therefore, the automatic stay has terminated. See United States Dep't of Air Force v. Carolina Parachute Corp., 907 F.2d 1469, 1474 (4th Cir.1990). Further, the bankruptcy court granted plaintiff the right to pursue this claim in district court. We have jurisdiction.
 
 
 8
 In 1985, plaintiff entered into an asset purchase agreement with defendants.[1] Subsequent to the purchase, plaintiff employed several of defendant's employees. Later, those employees brought workers' compensation actions for hearing losses.
 
 
 9
 In this diversity breach of contract action, plaintiff alleged defendant breached the agreement by falsely representing it had complied with federal Occupational Safety and Health Administration (OSHA) regulations requiring baseline and periodic audiometric exams of employees. Plaintiff alleged defendant's failure to comply with OSHA regulations caused plaintiff's damages because, at the workers' compensation hearings, plaintiff was unable to apportion the hearing losses between it and defendant. As a consequence, plaintiff was held wholly responsible for the benefits awarded. Plaintiff alleged defendant breached the agreement by "faulty representations, by failing to indemnify Plaintiff for the damages sustained by Plaintiff, by breaching the warranties, covenants and promises of the Agreement and for failure to comply with the Agreement." Plaintiff's App. at 2. Plaintiff paid over $225,000.00 in benefits.
 
 
 10
 After a status conference, the magistrate judge recommended summary dismissal on the ground that plaintiff had failed to state a factual basis for its claim. Plaintiff filed a response to the recommendation and a motion for summary judgment. The district court adopted the recommendation, thereby mooting plaintiff's motion for summary judgment.
 
 
 11
 The district court held that plaintiff could not proceed on its indemnification claim. The court agreed that plaintiff had failed to state a factual basis for its breach of contract claim noting that plaintiff had been held wholly liable despite presenting expert medical testimony attributing the hearing losses to defendant at the workers' compensation hearings. The court dismissed the complaint pursuant to the court's local Rule 17(c)[2].
 
 
 12
 We review the dismissal of a complaint de novo and will uphold the dismissal only if it appears beyond doubt the plaintiff can prove no set of facts supporting its claims that would show entitlement to relief. See Sharp v. United Airlines, Inc., 967 F.2d 404, 406 (10th Cir.), cert. denied, 113 S.Ct. 464 (1992); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. 967 F.2d at 406.
 
 
 13
 The district court did not dispute that plaintiff had adequately alleged the legal elements of its claims: the existence of a contract, breach of that contract, and resulting damages. The court found, however, that plaintiff had not supported its claim of damages because it had not shown a factual link between the alleged breach and the resulting damages.
 
 
 14
 Plaintiff argues it has shown sufficient factual support. We agree. To this court, plaintiff clarifies that its medical experts testified only as to the amount of hearing impairment. The experts could not specify the amount of impairment incurred during the time the employees worked for defendant due to the lack of audiometric results. Plaintiff also alleged it had lost a possible statute of limitations defense because it was unable to show the claimants knew of their hearing losses as a result of audiometric exams, but had failed to pursue their claims in a timely manner.[3]
 
 
 15
 We hold these facts sufficient to support the allegations asserted by plaintiff in its complaint. The complaint should not be dismissed at this time. We emphasize that we make no judgment as to the merit of plaintiff's claim, but only hold that plaintiff should be permitted to proceed based on the facts alleged.
 
 
 16
 The district court also held plaintiff's claim that defendant breached the contract by failing to indemnify plaintiff for the damages it sustained legally insupportable. The court held that the indemnification clause represented an illegal attempt by the parties to contract around existing worker's compensation law which does not permit indemnification. The court noted that the parties had not clearly indicated their intention to so contract.
 
 
 17
 A subsequent employer is not responsible for a claimant's accidental injury[4] which was caused by and arose during the claimant's first employment. Parks, 755 P.2d at 683; cf. Pauley v. Lummus Constr., 836 P.2d 692, 693-94 (Okla.Ct.App.1992) (current employer does not have to bear entire cost of compensation); Lummus Constr. v. Vancourt, 838 P.2d 43, 44 (Okla.Ct.App.1992) (employer not responsible for pre-existing disability aggravated by accidental injury; apportionment required for cumulative hearing loss claims under appropriate evidence including uncontradicted evidence of pre-employment hearing loss). The present employer bears the burden of proving the existence and extent of a pre-existing disability except in instances not relevant here. Id.
 
 
 18
 The indemnification clause of the agreement provided that defendant would indemnify plaintiff for any liabilities plaintiff incurred which it had not expressly assumed. The agreement does not show that plaintiff agreed to pay workers' compensation benefits for hearing loss injuries incurred while a worker was employed by defendant. Because plaintiff is seeking indemnification only for workers' compensation benefits plaintiff paid as a result of injuries incurred during the workers' employment with defendant, defendant's indemnification of plaintiff for this amount does not conflict with existing law.
 
 
 19
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Morgan Pump was a division of Econo-Therm whose entire assets were sold to plaintiff. Plaintiff's cause of action appears to lie solely against Econo-Therm
 
 
 [2]
 N.Dist.Okla.R. 17(c) provides:
 Counsel must be prepared to state for the record the factual basis for their claims or defenses during the scheduling conference. Claims or defenses for which no factual basis can be articulated, shall be summarily dismissed.
 
 
 [3]
 Plaintiff did present medical evidence showing the hearing losses were caused by prolonged exposure (twenty-one years, twenty-six and one-half years) to loud noises
 
 
 [4]
 " '[H]earing loss resulting from prolonged exposure to loud or concussive noise is an accidental injury.' " Parks v. Flint Steel Corp., 755 P.2d 680, 683 (Okla.1988) (quoting Peabody Galion Corp. v. Workman, 643 P.2d 312, 316 (Okla.1982))