Roger PARKS, Petitioner,

v.

KERR GLASS, CNA Insurance Company, Ball Incon Glass, Travelers Insurance Company and The Workers' Compensation Court, Respondents.

KERR GLASS and CNA Insurance Company, Cross–Petitioners,

v.

BALL INCON GLASS, Travelers Insurance Company and The Workers' Compensation Court, Cross–Respondents.

No. 82191.

Court of Appeals of Oklahoma, Division 1.

May 3, 1994.

Certiorari Denied July 25, 1994.

J.L. Franks, Matt Riggin, Tulsa, for petitioner.

Paul V. McGivern, Jr., Ronald E. Hignight, Tulsa, for respondents Kerr Glass/CNA.

Neil F. Layman, Tulsa, for respondents Ball–Incon/Travelers.

### *OPINION*

HANSEN, Judge:

Petitioner Roger Parks (Claimant), and Cross–Petitioners/Respondents Kerr Glass and CNA Insurance Company (collectively Kerr), seek review of a Workers' Compensation Court order finding Claimant had sustained compensable injuries and apportioning compensation between Kerr and Co–Respondents/Cross–Respondents, Ball Incon Glass and Travelers Insurance Company (collectively Ball).

Claimant was employed by Kerr from 1968 until February 28, 1992. On the latter date, Ball took over operation of the Kerr plant, however Claimant's work conditions as a forklift operator remained the same. Claimant filed his claim on September 4, 1992, but continued to work for Ball until the plant closed in December 1992.

The claim lists "Kerr Glass/Ball Incon" as employer and alleges cumulative trauma injuries [1] to the back, left knee, right hip and right arm, wrist and hand. Claimant provided the date of last exposure, August 13, 1992, as the date of accident.[2]

Ball made the first entry of appearance, then approximately six months later moved to implead Kerr. Ball asserted in support of its motion that Claimant had testified to cumulative trauma injury during employment with Kerr, and further asserted such injury was capable of apportionment between employers. Kerr entered its appearance shortly thereafter, but subsequently moved to dismiss the claim as to itself.

In its order, the trial court first denied Kerr's motion to dismiss. The court then found that on August 13, 1992, Claimant sustained a compensable injury to the right hand (wrist) and back. The court further found the claim as to the left leg (knee) resulted from specific trauma and was barred by the statute of limitations, and that Claimant became aware of the back and right hand injuries in November, 1990.

The court ordered Kerr to pay compensation based on 7 per cent disability as to the back and 2 per cent disability as to the right hand. The court ordered Ball to pay compensation based on 2 per cent disability as to the back and 1 per cent disability as to the right hand. The court did not make a specific finding as to apportionment of responsibility between Kerr and Ball, but apportionment is implicit in the order.

Claimant and Kerr now seek review of the Workers' Compensation Court order. Claimant contends the lower court erred in using the "awareness doctrine" [3] to establish

---

1. An accidental injury may result either from one particular event—a single event injury—or from the cumulative effect of repeated micro-trauma occurring over an extended period of time—a cumulative trauma injury. *McDonald v. Time-DC Inc.,* 773 P.2d 1252 (Okla.1989).

2. The record reflects this date, when Claimant first came into his counsel's office, was chosen because Claimant was still working for Ball Incon and his prospective last date of exposure was unknown.

3. Under the "awareness doctrine", the determinative date in ascertaining disability is the date the manifested condition first becomes known or should be known as job related. *Parks v. Flint Steel Co.,* 755 P.2d 680, 683 (Okla.1988).

the rate of compensation and to determine apportionment of liability, and in failing to place all liability for the cumulative trauma injuries on Ball, the last employer causing harm.

Kerr also contends liability for cumulative trauma injuries should be determined under the "last injurious exposure rule", but asserts, alternatively, that if liability is to be apportioned, it should be based on medical evidence of the degree of impairment caused by each employer, and not on the basis of time employed or some version of the "awareness doctrine".

We agree with Claimant's contention the Workers' Compensation Court applied the incorrect rate of compensation, but we need not reach his argument regarding the date of his injuries to determine the rate. Under the circumstances of this case, the rate of compensation is the same whether using the rule propounded by Claimant, or the rule which he opposes. However, the trial court applied a rate which applies to neither.

As we noted above, the trial court found Claimant sustained compensable injuries on August 13, 1992, and further found Claimant became aware of his injuries in November 1990. Under the facts here, the former date is the date deemed to be the date of last trauma, and the latter date is determined using the "awareness doctrine". Neither Claimant nor respondents takes issue with the dates in these findings, thus they are now final.

At trial, Ball suggested to the court that the proper rate of compensation, applying the awareness doctrine, would be $173.00. In response to the court's inquiry if he was in agreement with the rate, Claimant objected to use of the awareness doctrine and has never agreed to the $173.00 rate. The court apparently adopted Ball's suggested rate.

However, the proper rate for either November 1990, or August 13, 1992, is $185.00.[4] That amount was set as the maximum rate for permanent partial disability for the period beginning November 1, 1990, and ending

October 31, 1993. The rate of $173.00 was for the three year period ending on October 31, 1990. The trial court's use of the $173.00 rate was error.

■ We similarly decline to consider the merits of Claimant's contentions regarding apportionment of liability between Kerr and Ball. Claimant does not question the total disability ratings apportioned by the court, only that the compensation determined by these ratings was apportioned.

■ Claimant does not, however, show that apportionment adversely affects his substantial rights, nor is it apparent from the record that he will be so affected. He would receive the same level of benefits from both employers jointly as he would from an award against either of them severally. Standing to prosecute an appeal must be predicated on an interest in the lower court's decision which is direct, immediate and substantial. *Pierson v. Canupp*, 754 P.2d 548 (Okla.1988). Claimant has failed to establish an aggrieved party status on the question of apportionment.

■ In its appellate brief, Kerr first asserts the trial court's order should be affirmed with respect to the finding that a claim for injury to the left leg (knee) was barred by the statute of limitations. While Claimant raised this issue in his Petition for Review, he abandoned the assertion by not supporting it with argument or authority in his brief in chief. *James v. Beckwith*, 805 P.2d 117 (Okla.App.1990). We will not consider Claimant's argument regarding compensation for his knee injury.

■ Kerr next contends that cumulative trauma claims, which share the same limitations provision as occupational diseases, should have applied the same "last injurious exposure rule" used to determine liability among successive employers for occupational disease claims.

The applicable statute of limitations, which is set forth at 85 O.S.1991 § 43(A), provides, in relevant part:

---

4. The rates are established pursuant to a statutory formula and are published by the Administrator of the Workers' Compensation Court. See,

85 O.S.1991 §§ 21 and 22; *Handbook of the Workers' Compensation Court.*

... with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure.

Kerr suggests § 43(A) be read with 85 O.S.1991 § 11(4), which codifies the "last injurious exposure rule", and which Kerr asserts is instructive as to imposition of liability upon employers for cumulative trauma injuries. Section 11(4) directs that:

> Where compensation is payable for an *occupational disease*, the employer in whose employment the employee was *last injuriously exposed* to the hazards of such disease and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier, ... (emphasis added).

The Court of Appeals has previously considered arguments similar to Kerr's contentions regarding §§ 11(4) and 43(A). Kerr would have us follow the reasoning in *Mid–Continent Casualty Co. v. Bradley,* 855 P.2d 145 (Okla.App.1993). In *Mid–Continent Casualty,* the Court of Appeals held the date of injury in a cumulative trauma case, for the purpose of fixing liability of the employer and insurance carrier, if any, is the date of last trauma.

However, the *Mid–Continent Casualty* Court did not directly address the question of apportionment, because the issue posed by the Workers' Compensation Court order was which of two consecutive insurance carriers would be solely liable for compensation. The only question was whether to apply the "awareness doctrine", or to use the date of last trauma to impose this sole liability.

The Court of Appeals dealt more directly with the question of apportionment of liability for cumulative trauma injuries in *Pauley v. Lummus Construction,* 836 P.2d 692 (Okla.App.1992), and in *Lummus Construc-*

tion v. Vancourt, 838 P.2d 43 (Okla.App. 1992).[5]

In both *Pauley* and *Vancourt,* the Court of Appeals rejected application of the "last injurious exposure rule" to cumulative trauma injuries, and instead found apportionment of liability to be appropriate. Both decisions also rely on *Parks v. Flint Steel Co.,* 755 P.2d 680 (Okla.1988).

In *Parks,* the Supreme Court held 85 O.S. 1991 § 11(4), with its last injurious exposure provision, was designed to apply in situations where an employee contracts an "occupational disease", and found it inapplicable to cumulative trauma cases, when the injury occurred in a claimant's prior employment.

The Supreme Court also did not accept the argument in *Parks* that the last injurious exposure rule in § 11(4) should be applied by analogy. The analogy was purported to apply because "for all practical purposes, cumulative effect accidents and occupational diseases are essentially the same thing with but a different name". While not expressly overruling the Court of Appeals decision in *Utica Square Salon of Beauty, v. Barron,* 595 P.2d 459 (Okla.App.1979), the Supreme Court unfavorably viewed the Court of Appeal's use of such an analogy.

As noted in *Pauley v. Lummus Construction,* "[t]he Legislature has expressly limited application of the last injurious exposure rule to occupational disease". In the same enactment [6] by which the Legislature amended § 43 to provide a two year limitation period from last trauma for cumulative trauma injuries, or from last exposure for occupational disease, the Legislature also amended § 11, but did not make the "last injurious exposure rule" applicable to cumulative trauma injuries. If the Legislature had intended § 11(4) to apply to cumulative trauma injuries, it would have so provided by expressly amending that section.

In *B.F. Goodrich Co. v. Williams,* 755 P.2d 676 (Okla.1988), the Supreme Court applied the maxim *expressio unius est exclusio alter-*

---

**5.** See also, *Dunaway Manor Nursing Home v. Stith,* Appeal No. 78,316; decided December 1, 1992; cert. denied May 26, 1993 (unpublished).

**6.** Laws 1985, c. 266, §§ 2 and 4, eff. Nov. 1, 1985.

*ius*[7] to find that the "awareness doctrine" was limited to those occupational diseases specifically mentioned in § 43(A). Applying that maxim here to § 11(4), we find the Legislature intended to limit application of the "last injurious exposure rule" to occupational disease claims. Kerr's public policy arguments for extension of the rule to cumulative trauma injuries are more properly for consideration by the Legislature.

The Workers' Compensation Court did not err in refusing to apply the "last injurious exposure rule" to the claim here for cumulative trauma injuries. Apportionment was appropriate and supported by competent evidence of record. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

■ Claimant testified he began experiencing pain in his back and right wrist while working for Kerr and that the pain continued while he worked for Ball. Claimant's medical expert, Dr. H., opined that Claimant "suffers from cumulative trauma type injuries to his right wrist, lower back and left knee as a result of his past employment at the Kerr Glass and Ball Incon facility". This evidence is sufficient to support liability for both Kerr and Ball, and apportionment of that liability.

■ Kerr contends, alternatively, that if liability is to be apportioned, apportionment should be based upon competent probative medical opinion as to the degree of impairment caused by job tasks with each employer, and not on the proportionate time employed by the respective employers.

■ We agree apportionment should be based on competent medical evidence and not by a pro rata formula based upon length of respective employment. In *Lummus Construction v. Vancourt,* 838 P.2d at 43 (footnote 1), the Court of Appeals found a medical expert's apportionment formula—percentage of disability divided by the number of years employed as a pipe fitter—to be arbitrary and incompetent. The Court of Appeals not-

ed there that the expert's apportionment was deficient in that it was not based on "any scientific criteria, the AMA Guides or any legal precept".

In the present matter, the medical expert endorsed by both respondents, Dr. F., rendered no opinion as to apportionment because he believed Claimant had sustained no orthopedic cumulative trauma injuries related to employment.[8] Dr. H., Claimant's medical expert, apportioned Claimant's impairment equally. In his report, Dr. H. reasoned that:

> ... although [Claimant] did work many more years at Kerr Glass historically than he did at Ball Icon who took over the Kerr Glass facility in February, 1992, he does not appear to have any more problems with these [cumulative trauma injuries] while working there than he did at Ball Icon.

■ It appears Dr. H. was attempting to base his apportionment formula on something other than length of employment, but it is unclear whether his equal apportionment was based on any scientific criteria, the AMA Guidelines or any legal precept. Once Claimant admitted cumulative trauma injury possibly arising in a previous employment, he had the burden of proof to establish the extent of any previous disability. *Lummus Construction v. Vancourt,* 838 P.2d at 44.

Claimant established that some injury occurred during his employment with Kerr by his own testimony and with his medical evidence, but we find a lack of competent evidence to establish the extent of that injury so that apportionment may be properly determined.

Even assuming the evidence relating to apportionment was competent, we cannot determine from the record that the order being reviewed was properly based on that evidence. The order itself does not provide the formula for apportionment. Kerr contends apportionment was based on length of em-

---

7. A maxim of statutory interpretation meaning that the expression of one thing is the exclusion of another. *Black's Law Dictionary* 581 (6th ed. 1990).

8. Dr. F. did apportion a binaural hearing loss adjudicated separately, opining 40 per cent hearing loss related to employment at Kerr and 3.4 per cent related to employment at Ball. The apportionment was based substantially on length of service.

ployment, but does not specify how it reached that conclusion.

Because the length of employment was the same for both, the fact that the apportionment ratios are different for the hand and back injuries (67%–33% and 78%–22% respectively) indicates the findings are based on something other than that basis. Additionally, the lower court's apportionment does not appear to comport with the medical experts' opinions. On remand, the Workers' Compensation Court should specify the basis for its determination of apportionment of liability between Kerr and Ball.

Finally, Kerr asserts that "imposition of liability among former employers should not be imposed by a modified version of the awareness doctrine". Again, Kerr offers no explanation of how it reached the conclusion asserted. Kerr appears to presume that the court could have imposed liability on no other basis than the "awareness doctrine". We are unpersuaded by that position.

Claimant's testimony that he was aware of and began experiencing pain in his back and right wrist while in Kerr's employment is probative evidence of injury arising out of and in the course of that employment. The trial court could properly consider such evidence in determining liability under 85 O.S.1991 § 11 [9], and for the purposes of apportioning that liability.

The order of the Workers' Compensation Court is SUSTAINED IN PART and VACATED IN PART and this matter is REMANDED for further action consistent with this opinion.

JONES, P.J., concurs.

ADAMS, J., specially concurring with separate opinion.

ADAMS, Judge, specially concurring:

Although I concur in the majority opinion, I write separately to make it clear that, at least in this writer's opinion, *Lummus Construction v. Vancourt,* 838 P.2d 43 (Okla.App.

1992) does not prohibit an apportionment of liability which coincides with the length of service for each employer, *if there is proper medical evidence to support such an apportionment.* In that connection, *Lummus* noted that the trial court did not err in refusing to so apportion when the medical evidence was admittedly based on the expert's concept of fairness and not any applicable scientific or medical principles.

In this case, it appears the expert attempted to base apportionment on the amount of trouble with these injuries which Claimant experienced while working for each employer. Even if that evidence was sufficient, the trial court did not follow it. The trial court's method of apportionment is not based on any medical evidence, and therefore that portion of the order must be vacated.

---

9. 85 O.S.1991 § 11 provides, in relevant part: Every employer subject to the provisions of the Workers' Compensation Act shall pay, ..., compensation ... for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, ...