2006 OK CIV APP 69

**SOUTHERN OKLAHOMA RESOURCE CENTER and Compsource Oklahoma, Petitioners,**

v.

**Charlene SPARKS and the Workers' Compensation Court, Respondents.**

**No. 102,844.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 5, 2006.

739

Michael G. Coker, Oldfield, Coker & Graves, Oklahoma City, OK, for Petitioners.

John Sprowls, Pauls Valley, OK, for Respondents.

1. Claimant announced at the hearing held on February 22, 2005 that she was also seeking, in

## OPINION

ADAMS, Judge.

¶1 In 1994, Charlene Sparks (Claimant) suffered a job-related injury to her right hand and was adjudicated with 10.5% permanent partial disability (PPD) to the whole body. In 1995, Claimant was hired as a direct care specialist with Southern Oklahoma Resource Center (Employer), and in 1999, she suffered a low back injury which was adjudicated at 4% PPD to the whole body. On June 12, 2001, Claimant, who was still working for Employer, sustained a second low back injury. For this last injury, Claimant was adjudicated at 17% PPD to the whole body lumbar spine over and above the pre-existing 10.5% whole body. Based upon the combination of her 2001 back injury with her 1999 and 1994 disabilities, Claimant initiated the instant proceedings on September 16, 2003, seeking permanent total disability (PTD).[1]

¶2 After the February 22, 2005 hearing, a Workers' Compensation Court trial judge filed an order on March 9, 2005, finding in paragraph 1 that at the time of her 2001 injury, Claimant was a "previously physically impaired person" based on her prior disabilities, and in paragraph 2, that she had sustained 17% PPD to the back and 14.5% PPD to the body as a whole from her latest injury and previous impairment, respectively. He further found in paragraphs 3–5 that as a result of the combinable injuries, Claimant was not permanently totally disabled but that she had sustained "a 10% whole man material increase" for a total of 41.5% PPD to the body as a whole. Both Claimant and Employer filed *en banc* appeals.

¶3 A three-judge panel reviewed the record, found the March 9, 2005 order entered "was contrary to law AND against the clear weight of the evidence," vacated that order, and after adopting the trial court's paragraphs 1 and 2, found, in pertinent part of its paragraph 3:

THAT due to [Claimant's] most recent injury on JUNE 12, 2001, in combination

the alternative, a material increase in PPD.

with all prior injuries and the material increase resulting therefrom, the claimant is now *PERMANENTLY AND TOTALLY DISABLED* as defined by Title 85 § 3(17), and is due compensation at the rate of $237.00 per week from the date of this order and continuing for a period of fifteen (15) years ...

From this order, filed November 17, 2005, Employer filed its Petition for Review.

¶ 4 Employer contends that because Claimant's non-adjudicated, non-work-related health conditions—diabetes and heart disease (congestive heart failure)—were factors in prohibiting surgical treatment for her last injury, those conditions are factors in the disability associated with the injury for which the trial court was required to make specific findings, *i.e.*, whether her diabetes and heart disease contributed to her disability.

¶ 5 Our review of the record confirms Claimant's position that there is no evidence that her pre-existing conditions resulted in any disability, and nothing in the record indicates that her pre-existing conditions were considered by the medical experts in rendering their opinions that she is PTD.[2] In fact, the court-appointed Independent Medical Examiner testified that neither her diabetes nor her heart disease (congestive heart failure) were disabling and that it was his opinion that she was PTD solely due to the combination of her adjudicated injuries to her hand and back. Employer had the burden of proving both the existence and extent of any pre-existing disability. *See Lummus Construction v. Vancourt*, 1992 OK CIV APP 113, 838 P.2d 43. Because there is testimony in the record from which the three-judge panel could reasonably conclude that Claimant's diabetes and heart disease did not result in any disability or in any way contribute to her level of disability, the order finding Claimant to be PTD is supported by competent evidence and must be sustained. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548.

¶ 6 Employer next argues that the three-judge panel's award of benefits beginning with the date of filing of their order is in direct conflict with 85 O.S.2001 § 22(12), which provides that "[n]o payments on any permanent impairment order shall start until payments on any pre-existing permanent impairment orders have been completed." More specifically, Employer asserts that (1) the Order on Appeal failed to address the trial court's paragraph 6 finding that payment of its order was not to commence until payment of the pre-existing Order was complete, and (2) if the PTD benefits award is affirmed, that "the payment of said award should date from the completion of payment on the prior award or upon the date of the Order on Appeal (November 17, 2005) whichever is later."

¶ 7 Employer's first argument ignores the fact that the three-judge panel vacated the trial court's order thereby eliminating any need to specifically address that issue. Its second argument ignores the three-judge panel's express finding that Claimant is PTD based on a combination of her injuries, made pursuant to 85 O.S.2001 § 172(B), which provides "for actions in which the subsequent injury occurred on or after June 1, 2000, if such combined disabilities constitute permanent total disability ... [s]uch awards shall be *paid* from the date the court order finding the claimant to be permanently and totally disabled is *filed*." (Emphasis added.)

¶ 8 The apparent conflict between § 22(12) and § 172(B)(2) does not appear to have been addressed by any published opinion, and we apply the general rules for statutory construction. Under those precepts, a legal question such as that presented here is reviewed by the appellate court *de novo*. *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, 33 P.3d 302.

¶ 9 The primary goal of statutory construction is to give effect to the intent of the Legislature. *TRW/Reda Pump v. Brewington*, 1992 OK 31, 829 P.2d 15. It is presumed that the Legislature has expressed its intent in a statute and that it intended what it

2. We note for the record that Employer never refers to Claimant's diabetes and heart disease as

"pre-existing."

expressed. *TXO Production Corp. v. Oklahoma Corporation Commission,* 1992 OK 39, 829 P.2d 964. When legislative intent is expressed clearly in the statute, there is no room for further judicial inquiry, and the starting point of analysis is the plain and ordinary significance of the language used. *George E. Failing Co. v. Watkins,* 2000 OK 76, 14 P.3d 52. It is a settled rule when construing seemingly conflicting statutes that a specific statute controls over a more general one and that the most recent enactment controls over an earlier one. *Taylor v. Special Indemnity Fund,* 1990 OK 106, 804 P.2d 431; *Duncan v. Oklahoma Department of Corrections,* 2004 OK 58, 95 P.3d 1076.

¶ 10 Paragraph 12 was added to § 22 by the Legislature in 1986 and that body is presumed to know of its existence when the terms of § 172(B)(2) were enacted in 2000. At the time of Claimant's most recent injury, § 172(B)(2) specifically applied to a claimant whose "subsequent injury" occurred after June 1, 2000, and required the PTD award to be "paid" from the date the PTD order is filed.[3] "Paid" means "paid," and its meaning is plain and unambiguous. It is the duty of the courts to give effect to the acts of the Legislature and to not amend, repeal, rewrite, ignore or circumvent through con-struction the clear words written. *City of Tulsa v. Public Employees Relations Board,* 1998 OK 92, 967 P.2d 1214.

¶ 11 Section 172(B)(2) specifically addresses the payment of PTD awards like the one awarded to Claimant, and it controls over the more general provisions of § 22(12). The panel properly required payment of the PTD award to commence with the date its order was filed.

¶ 12 Under *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548, we may set aside an order of the Workers' Compensation Court only if it is contrary to law or is unsupported by any competent evidence. Because Employer has not so demonstrated, the order is sustained.

SUSTAINED.

BUETTNER, C.J., and MITCHELL, P.J., concur.

---

**3.** In a 2005 amendment, the Legislature limited the provisions of § 172(B)(2) to subsequent injuries which "occurred on or after June 1, 2000, but before November 1, 2005." This same amendment created § 172(B)(3) which applied to subsequent injuries which "occurred on or after November 1, 2005." Section 172(B)(3) places liability for the difference between "the degree of percent of disability which would have resulted from the subsequent injury if there had been preexisting impairment" and PTD on the Multiple Injury Trust Fund (the Fund). The "paid" language does not appear in § 172(B)(3), but it provides that PTD awards from the Fund shall "accrue" from the date of filing of the PTD order. 85 O.S.Supp.2005 § 172(B).