**MID–CONTINENT CASUALTY CO., Petitioner,**

v.

**Charles BRADLEY, U.S.F. & G. and the Workers' Compensation Court, Respondents.**

**No. 80425.**

Court of Appeals of Oklahoma, Division No. 3.

May 4, 1993.

Brian A. Curthoys, Tulsa, for petitioner.

Michael A. Finerty, Muskogee, for respondents.

*OPINION*

HUNTER, Judge:

On February 5, 1991, Charles Bradley (Claimant), hurt his hand while working.

He sought medical treatment and discovered that he had a carpal tunnel disorder. His employer, Modern Plating, terminated his employment.

In December, 1990, Claimant had advised his employer, for whom he had worked for two and one-half years, that he was having trouble with his hand becoming numb and that he thought it was caused by his work. He testified that he taped and spray painted airplane parts and used a trigger numerous times each day on his job.

At trial, it was established that Claimant suffered a work-related injury. This appeal arises from the difficulty in determining which of two consecutive workers' compensation insurance carriers are liable for coverage. Mid–Continent Casualty Co. (Mid–Continent) was the carrier until February 1, 1991, when U.S.F. & G. began insuring Modern Plating's employees.

The trial court held that the date of injury was February 5, 1991, the date of the last injurious trauma for this cumulative trauma injury. Mid–Continent was dismissed and U.S.F. & G. found liable. A three-judge panel of the Workers' Compensation Court changed the date of injury to December 1, 1990, and held Mid–Continent rather than U.S.F. & G. liable. The panel found that December 1, 1990, was the "date claimant was aware that the injury to his hands was caused by and due to his repetitive work at Modern Plating".

There are a number of past workers' compensation cases which applied the "awareness doctrine" to determine tolling of the statute of limitations. *See, e.g.,* *Thompson v. Nelson Electric*, 829 P.2d 12 (Okl.1992). The current statute of limitations, 85 O.S. 1991, § 43, does not require a determination of the date of awareness.

The issue in the present case, however, is not affected by the statute of limitations. This case turns on the date of injury. Cumulative trauma injuries are analogous to occupational disease cases in that the injury is manifest after a number of minute traumas incurred on the job. *Utica Square Salon of Beauty v. Barron*, 595 P.2d 459 (Okl.App.1979). In that case, the Court of Appeals reasoned that:

" ... to the extent the injury is analogous to an occupational disease, the public policy of this state as expressed in 85 O.S. 1971 § 11(3) is that 'the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and the insurance carrier, if any, on the risk when such employee was last so exposed ... shall alone be liable therefore [sic], without right to contribution from any prior employer or insurance carrier....' "

No reason occurs to us why this common sense policy statement, formulated to escape the onerous litigation potential of having the courts try and decide what carrier was liable for how much of a given cumulative illness or disease cataloged statutorily as occupational, should not apply to cumulative accidental injuries."

We agree with this reasoning and hold that the date of injury in a cumulative trauma case, for the purpose of fixing liability of the employer and insurance carrier, if any, is the date of last trauma. There is no doubt that the date of last trauma was February 5, 1991. At that time, U.S.F. & G. was the insurance carrier responsible for coverage on Claimant's work-related injury. There is no competent evidence to support the three judge panel of the Workers' Compensation Court's finding that Claimant was injured December 1, 1990.

ORDER VACATED. MATTER REMANDED WITH DIRECTIONS TO DISMISS AS AGAINST PETITIONER, MID–CONTINENT CASUALTY CO., AND ENTER ORDER AGAINST RESPONDENT, U.S.F. & G.

HANSEN, C.J., and BAILEY, P.J., concur.