The OKLAHOMA PETROLEUM WORKERS' COMPENSATION ASSOCIATION, Petitioner,

v.

MID–CONTINENT CASUALTY COMPANY, Respondent,

and

Harold R. McCandless, Claimant,

and

U.S. Metal Containers, Employer.

No. 82304.

Court of Appeals of Oklahoma, Division No. 2.

July 12, 1994.

Rehearing Denied Aug. 22, 1994.

Certiorari Denied Sept. 30, 1994.

Larry C. Brawner, Brawner & Brawner, Oklahoma City, for petitioner.

Brian A. Curthoys, Schoeppel & Curthoys, P.A., Tulsa, for respondent.

BOUDREAU, Presiding Judge.

The Oklahoma Petroleum Workers' Compensation Association (TOPWCA), an own-risk group, appeals an order of the trial court requiring it to pay one-half of Claimant's workers' compensation benefits. The issues on appeal are two-fold: (1) Is a cumulative trauma injury divisible in nature such that liability can be apportioned between successive insurance carriers and (2) if not, what is the date of injury for assessing liability between two successive insurance carriers in cumulative trauma cases after November 1, 1985. Having reviewed the record and applicable law, we hold that a cumulative-trauma injury is a single accident, not subject to apportionment, and that the date of injury for the assessment of liability in cumulative trauma cases remains the traditional two-prong awareness test.

In July of 1990, Claimant put his employer, U.S. Metal, and its insurance carrier, Mid-Continent, on notice of his work-related injury. He then began receiving medical treatment for the injury to his right hand and shoulder resulting from cumulative trauma. Claimant continued working for U.S. Metal (with a short lay-off period) and receiving medical treatment for his condition. On August 1, 1991, U.S. Metal changed its insurance coverage from Mid-Continent to TOPWCA, an own-risk group. On March 3, 1992, Claimant had surgery on his right shoulder and right hand. Mid-Continent paid temporary total disability to claimant for nine weeks and five days, the time he spent recovering from his surgery.

Claimant filed his Form 3 on October 16, 1992, alleging that the date of his accident was July 1990. Mid-Continent responded by alleging that Claimant suffered cumulative trauma with a last date of exposure of March

3, 1992. Despite having paid temporary total disability after Claimant's surgery, Mid–Continent argued that TOPWCA should be liable to pay Claimant's benefits. The case proceeded to trial and the parties stipulated that Claimant had suffered an on-the-job injury resulting from cumulative trauma. However, Mid–Continent and TOPWCA could not agree on who should be responsible to pay benefits to Claimant.

On August 27, 1993, the trial court issued its order finding that Claimant suffered an accidental personal injury resulting from cumulative trauma with a date of last exposure of July 1990.[1] The trial court apportioned the payment of the award of permanent partial disability between Mid–Continent and TOPWCA. It required TOPWCA and Mid–Continent to each pay fifty percent of permanent partial disability and required TOPWCA to pay the total amount of the underpayment of temporary total disability. TOPWCA appeals this order. Mid–Continent has not appealed.

 The material facts of this case are not in dispute. When facts are not in dispute, a question of law is presented. *United States Fidelity & Guar. Co. v. Wyer*, 60 F.2d 856, 858 (10th Cir.1932). The appellate court's role is to define the law; therefore, it independently reviews questions of law. *In re Estate of Crowl*, 737 P.2d 911, 914 (Okla. 1987). Factual determinations of the workers' compensation court are not reviewed independently if supported by any competent evidence, but conclusions of law made thereunder are reviewable by the Supreme Court on review. *Loggins v. Wetumka Gen. Hosp.*, 587 P.2d 455, 457 (Okla.1978).

## I

 TOPWCA alleges that the trial court erred in apportioning liability between TOPWCA and Mid–Continent. It alleges that a cumulative trauma injury is a single accidental injury and is not divisible. We agree.

The Oklahoma Supreme Court has long recognized that an injury arising from cumulative trauma is an accidental personal injury within the meaning of the Workers' Compensation Act. *Decker v. Oklahoma State Univ.*, 766 P.2d 1371, 1374 (Okla.1988). In *Williams Company v. Lawrence*, 824 P.2d 1134 (Okla.1992), the supreme court held that a hearing loss claim caused by repeated small traumatic episodes was but a single accident and not divisible. The issue arose in determining whether a claimant had timely filed his action for a cumulative-effect hearing loss. The claimant suffered a hearing loss caused by repeated exposure to loud noises at work. Around 1965, the claimant had been advised that he suffered a hearing loss in both ears. He continued to work for the same employer until he retired in June 1987. He filed a Form 3 for loss of hearing on May 9, 1988. The trial court determined that the claim was barred by the statute of limitations because the claimant was aware of his job-related hearing loss as early as 1966 and had one year to file his claim. The three-judge panel reversed finding that "the claimant was not 'aware' of the *extent of additional* hearing loss he suffered after October 20, 1965 and so the statute did not start running as to such additional loss and his claim was timely." *Id.* at 1136 (emphasis added). The supreme court disagreed with the three-judge panel, holding as follows:

> No cases are cited and we know of none which divides a hearing loss claim by degrees of the hearing loss—some of which claimant was aware and some not. A hearing loss claim caused by repeated small traumatic episodes or occurrences is not divisible in such a manner, but is one single accident.

*Id.* See also *Prophet v. Vickers*, 833 P.2d 1231 (Okla.1992).

We find that the trial court's order does that which the supreme court has prohibit-

---

1. Mid–Continent alleges in its brief that the trial court erred in finding that the date of last exposure was July 1990. This was the date that Claimant notified his employer of a work-related injury. In rendering his decision, the trial court apparently confused this date with March 2, 1992, the day before Claimant's surgery. Claimant continued working for U.S. Metal with same job duties until the date of his surgery. The evidence supports a finding that the date of his last exposure to the cumulative trauma was March 2, 1992, the day before his surgery.

ed—it divides a single-accident, cumulative trauma injury. According to the supreme court's rule that cumulative trauma injuries are not divisible, the trial court was required to make a determination of when Claimant's injury occurred and hold liable the insurer who insured the risk at that time.[2]

## II

The next question for this court to answer is what date determines the insurers' liability in this case. TOPWCA alleges that, in determining the liability of the insurance carrier, the trial court should have used July 1990 as the date of the injury, *i.e.*, the date that Claimant became aware of his injury and realized that it was job related.

Prior to November 1, 1985, the statute of limitations in cumulative trauma cases began to run on the date the claimant became aware of his injury and aware that the ill effect was related to his employment. *See Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okla.1976); *Esmark/Vickers Petroleum v. McBride*, 570 P.2d 951 (Okla.1977). The supreme court engrafted a reasonable man test to the awareness determination. *Coy v. Dover Corp./Norris Div.*, 773 P.2d 745, 747 (Okla.1989).

The traditional two-prong awareness test was also used to determine the date of injury to establish liability of the employer or insurer for injuries occurring prior to the 1985 amendment. In *Parks v. Flint Steel Corp.*, 755 P.2d 680 (Okla.1988), the Oklahoma Supreme Court addressed the issue of the respective liability of two employers for the claimant's cumulative trauma injury. The

court held that "[i]n compensable accident and cumulative-effect-of trauma cases, the determinative date in ascertaining disability 'is the date the manifested condition first becomes known or should be known as job related.'" *Id.* at 683 (quoting *Peabody Galion Corp. v. Workman*, 643 P.2d 312, 316 (Okla.1982)). In holding the first employer liable, the court noted that the claimant's condition was diagnosed on an identifiable date during his employment with the first employer and his first employer knew of the condition two years before the claimant left that job. *Id.* at 684.

Effective November 1, 1985, the Oklahoma legislature adopted a new statute of limitations. The statute provides that, "with respect to disease or injury caused by repeated trauma ... a claim may be filed within two (2) years of the date of last trauma or hazardous exposure." 85 O.S.1991 § 43(A). Mid–Continent argues that the 1985 amendment to the statute of limitations should also apply to the determination of liability amongst successive insurers in cumulative trauma injury cases. According to Mid–Continent's argument, the date of last trauma should be used in determining which insurer should be liable. *See Mid–Continent Casualty Co. v. Bradley*, 855 P.2d 145 (Okla.Ct. App.1993).[3]

We disagree with Mid–Continent. We hold that the change in the method of computing the period of limitations for filing claims for cumulative trauma injuries had no effect on the method for determining the date of injury for assessing liability against an insurance carrier in a cumulative trauma

---

**2.** We recognize that another division of the court of appeals reached a different result in *Pauley v. Lummus Construction*, 836 P.2d 692 (Okla.Ct. App.1992). In that case the court of appeals upheld an order of the trial court apportioning liability for a hearing loss between different employers. We do not find this case to be persuasive in light of the supreme court's holding that a cumulative trauma hearing loss is not divisible.

**3.** In *Mid–Continent Casualty Company v. Bradley*, 855 P.2d 145 (Okla.Ct.App.1993), the court of appeals compared cumulative trauma cases to occupational disease cases. According to 85 O.S.1971 § 11(3), "Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuri-

ously exposed to the hazards of such disease and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefore, without right to contribution from any prior employer or insurance carrier...." Based on this section, the court of appeals, in a cumulative trauma injury case, held liable the insurer who insured the risk at the time of the claimant's last exposure to the trauma. We do not agree with the court of appeals' rationale. We find that, if the legislature had intended to apply the date-of-last-exposure rule to cumulative trauma cases, it would have so stated in section 11 and in subsequent amendments to section 11.

injury case. To hold otherwise would lead to a rather curious result in this case. If the date of the last trauma was the "date of the injury" for purposes of assessing liability, Claimant would have notified his employer of and received treatment for an injury almost two full years before the "date of injury." The trial court should have applied the traditional two-prong awareness test to determine the date of the injury for purposes of establishing the liability of the two insurance carriers.

It is undisputed that Claimant put employer and its insurer, Mid–Continent, on notice of his cumulative-trauma injury in July of 1990. It also shows that Claimant, his employer, and Mid–Continent all associated the injury with his employment in July of 1990. Claimant continued receiving treatment to his shoulder and hand, culminating in surgery to both on March 3, 1992. We find that once Employer and its insurer became aware of Claimant's ongoing injury and associated it with his employment, they became liable for any resulting disability which he might suffer because of that injury. Therefore, we find that the trial court should have required Mid–Continent to pay all of Claimant's permanent partial disability benefits, the underpayment of temporary total disability, and Claimant's medical expenses.

The order of the workers' compensation court is vacated and remanded with instructions to enter an order consistent with this opinion.

REIF, C.J., and RAPP, J., concur.