BALL–INCON GLASS and the Travelers Insurance Company, Petitioners,

v.

Sandra J. ADAMS, Kerr Glass, CNA Insurance Company and the Workers' Compensation Court, Respondents.

KERR GLASS and CNA Insurance Company, Counter–Petitioners,

v.

Sandra J. ADAMS, Ball–Incon Glass, the Travelers Insurance Company, and the Workers' Compensation Court, Counter–Respondents.

Nos. 83729, 83739.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 24, 1995.

Certiorari Denied April 13, 1995.

Neil F. Layman, Tulsa, for petitioners, Ball–Incon Glass and Travelers Ins.

Paul V. McGivern, Jr. and Ronald E. Hignight, Tulsa, for respondents, Kerr Glass and CNA Ins.

Matthew E. Riggin, Tulsa, for respondent, Sandra Adams.

### MEMORANDUM OPINION

HANSEN, Presiding Judge:

Petitioners, Ball–Incon Glass and The Travelers Insurance (collectively Ball), and Counter–Petitioners, Kerr Glass and CNA Insurance (collectively Kerr), seek review of a Workers' Compensation court order finding Sandra Adams (Claimant) had sustained compensable injuries and apportioning liability for permanent partial disability compensation, but making Ball solely liable for other benefits.

Claimant worked for Kerr from 1980 until February 28, 1992. On that date Kerr sold its plant to Ball. Claimant worked for Ball until the plant closed in December 1992. The physical activities involved in Claimant's duties were essentially the same for both employers.

Claimant filed her claim on July 21, 1992, naming Ball as her employer, and gave July 20, 1992, as her date of accident. She later amended the date of accident to December 23, 1992, the last day she worked for Ball. Claimant first alleged she had sustained cumulative trauma injuries to both arms, both hands and left foot. She also amended her alleged injuries to include her right shoulder, both hands, both elbows and both feet.

Ball filed a motion to implead Kerr, arguing Claimant had suffered a cumulative trauma injury capable of apportionment between Ball and Kerr. Kerr was never made a party by order of the Workers' Compensation court, but was granted leave at trial to answer orally and did actively take part in the trial.

The trial court found Claimant sustained compensable, cumulative trauma injuries to both feet, both hands and both arms (elbows). The trial court found Claimant had sustained an otherwise compensable accidental injury to her right shoulder, but also found the claim relating to the right shoulder was barred by the statute of limitations. The court directed that Kerr and Ball each pay half of the award.

Claimant filed an appeal to a three judge panel of the Workers' Compensation Court, asserting the trial court erred in finding her claim for injury to her right shoulder was barred by the statute of limitations. Kerr filed a similar appeal, but argued Ball should have been solely liable on the claim under the "last injurious exposure rule", citing *Mid-Continent Casualty Co. v. Bradley*, 855 P.2d 145 (Okla.App.1993). Ball also filed an appeal to a three judge panel, arguing the trial court's order apportioning half of the liability to each employer was not supported by the medical evidence.

The three judge panel vacated the trial court's order and substituted its own order, which, among other things, apportioned 75 per cent responsibility for the permanent partial disability award to Kerr, and 25 per cent to Ball. The three judge panel's order, however, made Ball solely liable for continuing prescription medications, vocational rehabilitation evaluation, and all reasonable and necessary medical expenses. Kerr and Ball bring their appeals from the order of the three judge panel, which upon substitution became the only decision of the Workers' Compensation court in this matter subject to review. *Parks v. Norman Municipal Hospital*, 684 P.2d 548, 550 (Okla.1984).

In its Brief in Chief, Kerr raises two issues:

(1) Cumulative trauma matters, which share the same statute of limitations provisions as occupational diseases, should be accorded the same "last injurious exposure rule" imposed upon occupational diseases for the assessment of liability as among successive employers.

(2) Alternatively, should cumulative trauma matters be apportioned among successive employers, the imposition of liability among former employers should not be imposed by a modified version of the awareness doctrine and should be imposed by judicial fiat based upon notice to the former employer.

■ These issues, and the supporting arguments and citation of legal authority, are substantially the same, if not identical, to those raised by the same parties in *Kerr Glass Co. v. Wilson*, 880 P.2d 414 (Okla.App. 1994) (cert. denied). In *Kerr Glass Co. v. Wilson*, the Court of Appeals rejected Kerr's contentions, and we do so again. We incorporate the reasoning of the Court of Appeals in the former opinion, and in the interest of judicial economy will not repeat it here.

■ Ball, in its Brief in Chief, alleges trial court error in five propositions. However, each essentially presents the same contention—the Workers' Compensation court erred in assigning Ball sole liability for continuing medications, vocational rehabilitation, and reasonable and necessary medical expenses. We agree.

The Workers' Compensation court made no specific findings to support those portions of its order making Ball solely liable. It expressly found apportionment of liability between Kerr and Ball to be both proper and appropriate for compensation payments. The Court of Appeals approved of such apportionment in *Kerr Glass Co. v. Wilson*, *supra*. We find nothing in the record here to justify treating the compensation portion of a Workers' Compensation award any differently than other portions of the award, nor do we find they should be treated differently as a matter of law.

■ A cumulative trauma injury results from the cumulative effect of repeated microtrauma over an extended period of time.[1] The fact that the cumulative effect may overlap successive employers or insurance carriers, or the fact that the injury does not manifest itself until a subsequent employment, may make the determination of responsibility more difficult, but it does not obviate that responsibility for either the former or latter employers. They share liability for *all* benefits in such proportion as may be adjudicated by the Workers' Compensation court based upon competent medical evidence. *Kerr Glass Co. v. Wilson*, at 418. None of the parties has questioned the competency of the medical evidence before this Court.

Ball suggests the Workers' Compensation court assigned it sole responsibility for all benefits except compensation based on the "last injurious exposure rule". Although the accuracy of that suggestion may not be determined with certainty, if that was the court's rationale, it was an improper application of the rule. The Supreme Court, in *Red Rock Mental Health v. Roberts*, 65 O.B.J. 4047, —— P.2d —— (Okla.1994), held the last injurious exposure rule was for use in *occupational disease* cases and may not be applied by analogy to cumulative trauma. *Also see, Kerr Glass Co. v. Wilson*, *supra; Parks v. Kerr Glass*, 880 P.2d 408 (Okla.App.1994) (cert. denied). The Workers' Compensation court erred in assigning Ball sole liability for continuing medication, vocational rehabilitation, and all medical expenses.

The order of the Workers' Compensation court is VACATED, and this matter is REMANDED for further proceedings consistent with this opinion.

JOPLIN, J., concurs.

JONES, J., dissents.

1. *See, Kerr Glass Co. v. Wilson*, 880 P.2d 414 (Okla.App.1994) (footnote 2).