KERR GLASS, CNA Insurance
Company, Petitioners,

v.

Dean R. HEPLER and the Workers'
Compensation Court,
Respondents.

No. 84001.

Court of Appeals of Oklahoma,
Div. No. 3.

May 2, 1995.

Rehearing Denied June 6, 1995.

Certiorari Denied Sept. 14, 1995.

Michael D. Gilliard, Tulsa, for Petitioners.

J.L. Franks and Matthew E. Riggin, Tulsa, for Respondents.

HUNTER, Judge:

Petitioners, Kerr Glass (Employer) and C.N.A. Insurance Company (CNA), seek review of the trial court's order which determined Claimant, Dean R. Hepler, Jr., sustained an accidental personal injury arising out of and in the course of his employment with Employer consisting of loss of hearing due to repeated trauma to the ears and with resulting tinnitus from continued exposure to loud noise over a prolonged period. The order provided there was no appropriate apportionment of liability of Employer's insurance carriers as CNA was the insurance carrier on Claimant's last day of exposure (January 25, 1992) and is responsible for Claimant's entire hearing loss.[1] On appeal, Employer and CNA contend the claim is barred by the statute of limitations, that the trial court erred in its determination of the amount of Claimant's hearing loss caused on the job, and that apportionment between insurance carriers was appropriate.

Petitioners do not contend Claimant's injury is a "single-event" injury rather than a "cumulative-effect" injury.[2] Petitioners do contend the evidence shows Claimant had notice of his job-related hearing problems in 1984 and that this claim, filed in 1992, is therefore time-barred. Petitioners rely on *Coy v. Dover Corporation*, 773 P.2d 745 (Okla.1989).

In 1984, 85 O.S.1981, § 43 provided in part:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensa-

tion thereunder is filed with the Administrator.

\* \* \* \* \* \*

Prior to 1985, "the statute of limitations begins to run against a claim for compensation for cumulative injuries resulting in hearing loss when the prospective claimant is possessed of facts which would make a reasonably prudent person similarly situated and of like educational background: (1) aware that he or she has an injury, and (2) aware that the injury is causally related to the working environment." *Coy v. Dover Corporation/Norris Division*, 773 P.2d 745, 747 (Okla.1989).

Effective November 1, 1985, the Oklahoma Legislature amended 85 O.S.1981, § 43 to provide in part:

A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided, however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier. *Provided further however, with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure.*

\* \* \* \* \* \*

The evidence shows Claimant visited a doctor in December, 1984, for hearing loss after taking hearing tests at Kerr Glass. Even if he became aware of his injury at this time, he had until December, 1985 to file his claim. The statute was amended in November, 1985, to give Claimant two years from the date of last trauma. Since his claim was not barred at the time the statute was

---

1. The trial court had previously determined Employer's other insurers were not proper parties and dismissed them from the cause. On appeal before an en banc panel, the panel vacated the trial court's finding that the insurers were not proper parties and ordered the case remanded for a determination of the appropriate apportion-ment of liability of the various insurance carriers. The order after remand is the order on appeal before this Court.

2. See *McDonald v. Time–DC, Inc.*, 773 P.2d 1252 (Okla.1989).

amended, Claimant may avail himself of the new law. See *B.F. Goodrich Company v. Williams,* 755 P.2d 676 (Okl.1988).

Under § 43, Claimant had two years from the date of last trauma to file his claim. Claimant's last exposure was in January, 1992 and this claim was filed in August, 1992, within the two-year period.

Next, Petitioners assert the trial court's order which determined Claimant sustained 44% binaural disability is "contrary to law and the medical evidence submitted". Specifically, they attack the AMA Guidelines formula for hearing loss, asserting the formula fails to factor in hearing loss which might be due to Claimant's age. Petitioners maintain the AMA Guidelines formula should be adjusted by factoring in the age of the Claimant, using the method espoused in a study published in the Federal Register. If age is taken into account, Claimant's binaural impairment rating would be less.

Rule 32 of the Workers' Compensation Court Rules, 85 O.S., Ch. 4, App., provides in part:

A. The "Guides to the Evaluation of Permanent Impairment" of the American Medical Association shall be used to evaluate permanent impairment caused by hearing loss where the last exposure occurred on or after June 1, 1987. Prior to that date, former "Rule 37", as set out in Appendix "A" to the Court Rules shall be used to evaluate hearing loss. * * *

■ Petitioners have failed to demonstrate with relevant statutory or decisional authority that the AMA Guidelines formula for calculating hearing loss are contrary to law or that the statutes or Guidelines require a Claimant's age to be considered in determining impairment or that a deviation from the Guidelines was required. Nor have Petitioners shown that a claimant should be considered as having a "previous disability" (diminished hearing) simply because of a claimant's age.[3] The trial court's determination Claimant sustained 44% impairment is supported by competent evidence in the record. This assignment of error is overruled.

Finally, Petitioners maintain CNA should not be responsible for the payment of all benefits awarded for Claimant's hearing loss. The record shows CNA became Employer's insurance carrier on April 1, 1986 through the date of Claimant's last day of employment (January, 1992). Three other insurance companies provided coverage from April 1, 1979 through April 1, 1986. Claimant had worked for Kerr Glass for 23 years.

After the en banc panel remanded the case for a determination of apportionment, the trial court found:

That there is no appropriate apportionment of liability of the various respondent's insurance carriers as CNA INSURANCE was the insurance carrier on claimant's *last day of exposure* and is responsible for claimant's entire hearing loss.

■ Petitioners argue the trial court erred in determining CNA was liable for all benefits payable because it was the carrier on the last day of exposure. They argue cumulative trauma cases are not subject to the "last exposure doctrine" which imposes liability of the insurer based on the last day of exposure which is established in 85 O.S. 1991, § 11(4). This section provides in part:

4. Where compensation is payable for an *occupational disease,* the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and *the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall alone be liable therefor,* without right to contribution from any prior employer or insurance carrier, . . . .

Although there is authority from this Court that this section applied by analogy to cumulative trauma cases, that authority has now been expressly rejected. See *Red Rock Mental Health v. Roberts,* 65 OBJ 4047, — P.2d — (Okla.1994) (rehearing pending) which overruled the application of 85 O.S. 1991, § 11(4) to cumulative trauma cases by *Mid–Continent Casualty v. Bradley,* 855 P.2d 145 (Okla.App.1993). See also *The Oklahoma Petroleum Workers' Compensation Association v. Mid–Continent Casualty Company,* 887 P.2d 335 (Okla.App.1994); and *Parks v. Kerr Glass, CNA,* 880 P.2d 408 (Okla.App.1994). Under cumulative trauma

---

**3.** Petitioners cite 85 O.S.1991, § 22(7) for their contention they should not be liable for payment of benefits for Claimant's previous hearing disability.

cases, apportionment between insurers *is possible* and will be sustained on appeal if supported by competent evidence. The trial court should have, as the en banc panel directed, applied the traditional two-pronged awareness test in *Coy* to determine the date of the injury for purposes of establishing the liability of the insurance carriers. *Oklahoma Petroleum Workers*, 887 P.2d at 339.

█ The trial court's order awarding benefits to Claimant is not barred by the statute of limitations and is sustained. Kerr Glass and CNA Insurance Company are directed to pay such benefits to Claimant *without delay*. The trial court erred in holding CNA solely liable under the "last exposure" rule which applies to occupational diseases. CNA Insurance Company may be reimbursed by other insurance carriers of Kerr Glass based on the appropriate apportionment of liability if competent evidence supports such apportionment. The order is accordingly SUSTAINED IN PART, VACATED IN PART and this cause is REMANDED for a determination of the appropriate apportionment of liability between CNA Insurance Company and any other proper party.

ADAMS, J., concurs.

GARRETT, C.J., concurs in part; dissents in part.