**STATE INSURANCE FUND, Petitioner,**

v.

**Linda KLAHR, Santas by Donna, and The Workers' Compensation Court, Respondents.**

**No. 84352.**

Court of Appeals of Oklahoma, Division No. I.

May 16, 1995.

arises that judgment was responsive to proof adduced).

Leah Patterson, Oklahoma City, for petitioner.

J.L. Franks, Matthew E. Riggin, Tulsa, for respondents.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Linda Klahr, Claimant, sought compensation for injury to both her hands and thumbs due to repetitive trauma while employed by Respondent, Santas by Donna. Santas by Donna, in response, stated coverage was provided by the State Insurance Fund. State Insurance Fund, in response, stated they were not the responsible carrier because Santas' insurance policy had been cancelled. The issue of temporary disability was tried on August 18, 1994. The following month an order was issued finding an injury date for Claimant of November 15, 1993; determining Claimant became aware of the injury in May, 1993; and, finding the employment aggravated a pre-existing impairment to both hands. The order also determined that at the time of awareness Petitioner, State Insurance Fund, was the insurance carrier for Respondent, Santas. The order found Claimant to be temporarily totally disabled and ordered benefits accordingly. It found the State Insurance Fund to be the insurance carrier, and ordered Fund to provide medical treatment. It is from this order that this review proceeding is brought.

 Petitioner, State Insurance Fund, raised two errors in its petition in error. First, the decision of the trial court is against the clear weight of the evidence, and second, the court erred in determining liability in this cumulative trauma accident based upon the date of awareness rather than the date of last exposure. The first proposition raised in the petition does not allege an error cognizable in a review proceeding from the Workers' Compensation Court, because here the standard of review is whether or not there is competent evidence in the record to support the findings of the trial court. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984). Furthermore, this argument has been abandoned as it is not discussed in Petitioner's brief.

Petitioner's second argument is that it is an error of law for the trial court to have determined the date of injury to be the date

of awareness rather than the date of last injurious exposure, which was November 15, 1993. Had the date of injury been determined to be the date of last hazardous exposure, Petitioner would not have been the responsible insurer. The argument centers around the revision of § 43. Title 85 O.S. 1991 § 43(A) now specifies the date of the injury for statute of limitations purposes is the date of last hazardous exposure. The argument that this should also be the date of the injury itself for purposes of fixing liability has a certain amount of symmetry, in that the statute of limitations would began running at the same time the law presumed the injury occurred. The date of last exposure had been held to be the date of injury in cumulative injury cases in the past by the Court of Appeals. See, *Mid–Continent Casualty Co. v. Bradley*, 855 P.2d 145 (Okla. App.1993), *Utica Square Salon of Beauty v. Barron*, 595 P.2d 459 (Okla.App.). However, the argument has been rejected by this panel and another panel of the Court of Appeals.[1]

■ Title 85 O.S.1991 § 11(4), provides when the employee is last injuriously exposed to the hazards of a disease, the current employer, and the employer's insurance carrier, if any, shall be liable therefor, without right to contribution from any prior employer or insurance carrier. Cumulative trauma injuries are accidental injuries, and not diseases. As such, the appropriate date of injury should not be established by a statute dealing with diseases. Likewise, the accrual of the statute of limitations as established in this cause by § 43 does not, by itself, change the accidental injury to a disease controlled by § 11(4). This case does not involve the statute of limitations and we cannot conclude that the statutorily changed method for computing the period of limitations also changed the method for determining the date of inju-

ry for assessing the liability of successive insurance carriers.

■ Consequently, we must determine that no error has been demonstrated by the Petitioner in this review proceeding. Any issue of apportionment between the Employer and the Fund would be a determination requiring a factual analysis. Apportionment was not mentioned or discussed in the proceeding before the trial judge, nor was it raised before the Three Judge Panel or in the briefs on review before this Court. Consequently, the issue of apportionment is not an issue here. The award is sustained.

SUSTAINED.

HANSEN, P.J., concurs in result with separate opinion.

JOPLIN, J., concurs.

HANSEN, Judge, concurring in result:

The "date of injury" is simply irrelevant when and if more than one employer or carrier is responsible for the cumulative trauma injury of an employee. In fact, the concept of establishing a "date of injury" is the antithesis of apportionment of liability among successive employers.

Accordingly, I concur only in the result under the facts presented here. I am compelled to write separately because the Workers' Compensation Court failed to allocate and apportion liability for benefits and medical expenses to be afforded Claimant. There is uncontroverted evidence that Petitioner, State Insurance Fund, did not provide coverage during a portion of Claimant's employment, including the date of Claimant's last exposure to work related trauma with Employer.[1] In view of this evidence, the Workers' Compensation Court erred in failing to direct the parties, for the purpose of apportionment of liability, to submit further medi-

---

**1.** *Oklahoma Petroleum Workers' Compensation Association v. Mid–Continent Casualty Co.*, 887 P.2d 335 (Okla.App.1994), cert. denied.

The argument has also been rejected by this panel of the Court of appeals, *SOUTHWEST UNITED INDUSTRIES v. BILL POLSTON* NO. 82,471, currently pending certiorari. Also disapproving of the use of the date of last exposure as the date of injury is the case of *Red Rock Mental*

*Health and State Insurance Fund v. Karen Roberts, Kelly Services and the Workers Compensation Court*, 65 O.B.J. 4047, —— P.2d —— (Dec. 6, 1994), currently pending rehearing in the Oklahoma Supreme Court, which repudiates *Utica* and *Bradley*.

**1.** The Workers' Compensation Court refused to hear the controversy over coverage, finding that was a contractual dispute for the district court.

cal evidence to determine what portion of Claimant's disability occurred during Petitioner's coverage.

However, Petitioner failed to preserve that issue for our consideration, and we are thus precluded from directing the court to remediate its error. Petitioner has neither argued for, nor presented evidence to support, apportionment of liability between itself and Employer.

By asserting the "last injurious exposure rule" as its singular theory of assigning liability, Petitioner presented the Workers' Compensation Court with only an "either/or" argument for the determination of *sole* liability, and continues to assert that position here. Clearly, the "last injurious exposure rule" does not apply to cumulative trauma cases for purposes of determining liability.[2] With the failure of its single appellate contention—to assign sole liability to Employer under the "last injurious exposure rule"—Petitioner is left to assume sole liability on its own.

Nevertheless, I remain committed to the proposition that apportionment of liability for cumulative trauma injuries is appropriate and legally proper where supported by competent medical evidence. This proposition is supported by holdings of the Court of Appeals and Supreme Court.

In *Pauley v. Lummus Construction,* 836 P.2d 692 (Okla.App.1992), the Court of Appeals first rejected application of the "last injurious exposure rule" for cumulative trauma injuries, and instead found apportionment of liability to be appropriate. In *Parks v. Kerr Glass,* 880 P.2d 408 (Okla.App.1994) (cert. denied) and *Kerr Glass Co. v. Wilson,* 880 P.2d 414 (Okla.App.1994) (cert. denied), the Court of Appeals reiterated the appropriateness of apportionment of liability in cumulative trauma cases, when apportionment was based on competent medical evidence as to the degree of impairment caused by job tasks with each employer.

In *Ball–Incon Glass v. Adams,* 894 P.2d 439 (Okla.App.1995) (cert. denied), the Court of Appeals held successive employers liable for *all* benefits deriving from cumulative trauma injuries in such proportion as may be adjudicated by the Workers' Compensation Court based upon competent medical evidence. Apportionment of liability for cumulative trauma injury may be made between successive insurers, as well as between successive employers. *State Insurance Fund v. Hartford Insurance Co.,* Appeal No. 82,471, (Okla.App.1995) (cert. pending).

While one panel of the Court of Appeals, in *Oklahoma Petroleum Workers' Compensation Association v. Mid–Continent Casualty Co.,* 887 P.2d 335 (Okla.App.1994) (cert. denied), held sole liability may be assigned for cumulative trauma injuries under the awareness doctrine, I find that holding is inconsistent with, and implicitly overruled by, the Supreme Court in its subsequent opinion in *Red Rock Mental Health v. Roberts,* 65 O.B.J. 4047, —— P.2d —— (Okla.1994) (rehearing pending). There, the Supreme Court expressly repudiated application of the last injurious exposure rule to cumulative trauma injuries. The Supreme Court, in *Red Rock,* at 4049, did not, however, then hold that liability was to be determined by application of the awareness doctrine, but rather found that "[i]n a cumulative trauma case, which of two or more successive employers pays benefits, and how much each pays, are questions of fact for the Workers' Compensation Court".

Although determination of a "date of injury" may be relevant for some purposes under the Workers' Compensation Act, such as statute of limitations and rate of compensation, it has no significance in the allocation of liability among employers or their insurance carriers for cumulative trauma injuries. Such allocation is made purely as a question of fact where competent medical evidence establishes employment related injury during the respective periods of employment or coverage.

---

**2.** *See,* e.g. *Kerr Glass Co. v. Wilson,* 880 P.2d 414 (Okla.App.1994) (cert. denied) and *Oklahoma Petroleum Workers' Compensation Association v. Mid–Continent Casualty Co.,* 887 P.2d 335 (Okla. App.1994) (cert. denied). *Also see, Red Rock Mental Health v. Roberts,* 65 O.B.J. 4047, —— P.2d —— (Okla.1994) (pending rehearing).