**Erlene PENNY, Petitioner,**

v.

**TITUS, NATIONAL UNION FIRE INSURANCE COMPANY, and the Workers' Compensation Court, Respondents.**

**No. 85091.**

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 5, 1995.

Fred L. Boettcher and Walt Brune, Ponca City, for Petitioner.

John A. McCaleb and R. Dale Kimsey, Oklahoma City, for Respondents.

### OPINION

HANSEN, Judge:

Petitioner, Erlene Penny (Claimant) seeks review of a Workers' Compensation Court order finding, among other things, that the rate of compensation to which she is entitled for temporary total disability due to cumulative trauma injury was established using the "date of awareness".

The parties agree the facts are not in dispute. Claimant began working for Respondent Titus (Employer) in 1976. Her duties required the repetitive handling of parts in preparation for assembly of heating and air conditioning components. In January 1991, Claimant began having problems with her right arm and shoulder. She notified Employer at that time and began having medical treatments in the form of injections and a splint, but continued to work for Employer at the same duties.

Claimant's condition worsened, and on August 24, 1993, she had surgery on her elbow. She had worked until the previous day. Claimant convalesced for a period, then began light duties, and in January 1994, returned to full duties. Employer paid Claimant temporary total disability compensation from August 24, 1993, to November 14, 1993, and paid temporary partial disability compensation from November 15, 1993, until January 17, 1994.

Claimant filed her claim for compensation on March 2, 1994. In that portion of the claim form asking for date of accident or last exposure, Claimant noted "on or about 8–24–93". Claimant retired from Employer on September 9, 1994, because she "just didn't feel like it was worth all the pain and everything [she] was going through".

At trial to determine permanent partial disability, Claimant also contested the rate at which temporary total disability compensation had been paid. She argued the rate should have been set using the date she was last exposed to the repeated trauma of her work, rather than the date she first reported her condition to Employer. The rate on the former date would have been $277.00 per week, while the rate on the latter date was $246.00 per week.[1]

The trial court determined Claimant had sustained compensable injuries resulting in

---

1. The rates are established pursuant to a statutory formula and are published by the Administrator of the Workers' Compensation Court. *See*, 85 O.S.1991 §§ 21 and 22; *Handbook of the Workers' Compensation Court.*

permanent partial disability, and further found the proper date for setting the rate of compensation was "the date of awareness of the injury and the date of awareness of its job relationship which date was JANUARY 2, 1991". (Emphasis in original). Because Employer had paid the temporary disability compensation using that date, the trial court denied Claimant's request for additional payments.

Claimant now seeks review of the Workers' Compensation Court order. Although stated in three propositions, the dispositive issue raised by Claimant is whether the trial court erred in applying the "awareness doctrine" to determine the rate of compensation for temporary total disability.[2] This issue has not been decided in this jurisdiction. We hold the Workers' Compensation Court did err in determining the rate of compensation.

The basis of compensation under the Workers' Compensation Act[3] (Act) is set forth in 85 O.S.1991 § 21, which provides, in relevant part:

> Except as otherwise provided in this act, the average weekly wages of the injured employee *at the time of injury* shall be taken as the basis upon which to compute compensation ... (Emphasis added).

For temporary disability, the *employee's* average weekly wage basis in § 21 is limited by 85 O.S.1991 § 22(6) to sixty-six and two-thirds percent of the *state's* average weekly wage, as determined every three years by the Oklahoma Employment Security Commission. This average wage applies to injuries occurring during the ensuing three year period.

Thus, the time or date of injury is significant under the circumstances presented here only because that date determines Claimant's rate of compensation as calculated under §§ 21 and 22. The Legislature has not defined "date of injury" for cumulative trauma injury as it relates to the Act. In *Peabody Galion Corporation v. Workman*, 643 P.2d

312, 316 (Okla.1982), the Supreme Court spoke to the question of the effective date of injury in considering rate of compensation:

> In occupational disease cases the determinative date in ascertaining a disability—*and for establishing the applicable rate of compensation*—is the date of last injurious exposure, while in *cumulative-effect-of-trauma* cases, it is the date the manifested condition first becomes known or should be known as job-related. (Emphasis added).

In reaching its conclusion as to the determinative date for establishing rate of compensation for cumulative trauma, the *Peabody Galion Corporation v. Workman* Court applied what had become known as the "awareness doctrine". The awareness doctrine was enunciated in *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okla.1976). There, the employer asserted the then existing one year limitation period under 85 O.S.1971 § 43 (hereafter § 43) as an affirmative defense. The Court found the claimant had sustained a cumulative trauma injury, and held that under such circumstances:

> ... the accidental injury, which accompanies the accident, occurs (1) at the time of claimant's awareness, or discovery, of a "defect" or "ill effect" caused to the claimant; and (2) at the time of his awareness that the effect is causally connected with his job. It is then, the *limitation period* of one year begins to run under § 43, supra. ... At that point in time, the cumulative accident is no different than the single event accident *from a limitation issue*. (emphasis added).

*Munsingwear, Inc. v. Tullis,* at 903.

The *Munsingwear* opinion reflects the awareness doctrine was effected by the Supreme Court to determine the date of injury, *in the context of a § 43 limitation defense*, for a cumulative trauma accident. In 1985, except as it applies to certain specified occupational diseases, the awareness doctrine was abrogated by an amendment to § 43. *B.F. Goodrich Co. v. Williams*, 755 P.2d 676

---

2. The rate of compensation for *permanent partial* disability is the same for either date respectively propounded by the parties and is not in issue here.

3. 85 O.S.1991 §§ 1 et seq.

(Okla.1988); *Thompson v. Nelson Electric,* 829 P.2d 12, 14 (Okla.1992).

The 1985 amendment to § 43[4] allowed cumulative trauma injury claims to be filed within two years of the date of last trauma, rather than the former limitation period of one year from the date of "awareness". The awareness doctrine was no longer applicable to determine the limitations issue for post–1985 cumulative injuries. We find it equally inapplicable for the purpose of assigning a date of injury to determine rate of compensation.

In *Peabody Galion Corporation v. Workman,* which was handed down prior to the 1985 § 43 amendment, the Supreme Court clearly, and with consistency, related the dates for establishing the applicable rates of compensation to the dates on which the § 43 limitation period began to run. In the case of occupational diseases, the determinative date was the last injurious exposure. At that time, § 43 already allowed occupational disease claims to be filed within eighteen months of the "last hazardous exposure". In the case of cumulative trauma injuries, the Supreme Court applied the awareness test, which we have noted was a product of the Supreme Court's need to assign a date of injury for limitations purposes where none was provided by statute.

However, the Supreme Court's reasoning in *Peabody Galion Corporation v. Workman,* with respect to date of injury, lost its symmetry after the Legislature abrogated the awareness doctrine by amending § 43, and we do not find it still controlling as to the date to fix rates for cumulative trauma injuries. The Supreme Court having there tied the date for establishing the rate of compensation to the date controlling the limitation period, it would be inconsistent to give the Court's holding the same effect after the law as to the cumulative trauma statute of limitations has changed.

We, however, discern no reason precluding application of the same reasoning the Supreme Court originally used in *Peabody Galion Corporation v. Workman,* that is, the date for establishing the rate of compensation should be consistent with the date controlling the statute of limitations. With respect to cumulative trauma accidents, that date should be the date the employee is last exposed to the trauma found to be causally related to a resulting compensable disability.

■ We find that rule consistent with the Legislature's clear intent to limit the application of the awareness doctrine. *B.F. Goodrich Co. v. Williams,* 755 P.2d at 677. We believe the Legislature recognized, as we do here, it is common for an employee to continue in his or her regular duties long after the employee is first aware of an ill effect causally related to employment. As in the present case, the employee may be receiving medical care while carrying out his or her duties, hopefully to continue in gainful employment. At some point, the early manifestations of an ill effect may turn into a disabling condition, and it is only at that time the employee is entitled to compensation for the injury.[5] The Legislature chose not to bar claims by such employees when it amended § 43 to allow them two years after the last trauma to file the claim.

■ Similarly, disabled employees should be compensated at a rate calculated to relieve loss of wages at the time the loss occurs. It is well established in Oklahoma that the purpose of the Act is not to provide redress for injuries sustained, but rather to compensate the employee for the resulting loss of earning capacity due to such injuries. *Special Indemnity Fund v. Farmer,* 195 Okla. 262, 156 P.2d 815 (1945). Basing an injured employee's compensation for disability on average wages in a period which may be long before the disability occurs is contrary to the purpose of the Act.

---

**4.** After the 1985 amendment, § 43(A) provided, and still provides:

    ... with respect to disease or injury caused by repeated trauma ..., a claim may be filed within two (2) years of the date of last trauma or hazardous exposure.

**5.** It is not the injury itself, but disability stemming from the injury which forms the basis of a Workers' Compensation award. *Nuway Laundry Co. v. Hacker,* 396 P.2d 659 (Okla.1964).

In the present case, it is uncontroverted that Claimant was temporarily disabled beginning on August 24, 1993, and that she was last exposed to the work related trauma which caused that disability on August 23, 1993. Yet, the Workers' Compensation Court based its award of temporary disability compensation using the earliest date on which Claimant's condition manifested itself, and at that time Claimant was still working full duties with no loss of earnings. We find the Workers' Compensation Court erred in doing so. That court should have determined the rate of compensation using the date Claimant was last exposed to the trauma resulting in the disability for which the court was making the award.

Contrary to Employer's assertions, our determination in this matter is not contrary to the Supreme Court's holding, in *Red Rock Mental Health v. Roberts*, 65 O.B.J. 4047, 1994 WL 677974, —— P.2d —— (Okla.1994) (Rehearing pending), that the "last injurious exposure rule" may not be used to establish a date of injury for the purpose of fixing liability of the employer and insurance carrier in a cumulative trauma case. In *Red Rock*, unlike here, the issue was whether one of two successive employers could be assigned sole liability for the claimant's cumulative trauma disability.

The *Red Rock* Court, while finding the last injurious exposure rule may be used only for occupational disease, did not, however, mandate the use of the awareness doctrine to determine the date of injury for assigning sole liability, nor for any other purpose, in cumulative trauma cases. The Supreme Court held that how much benefits each of the employers pays is a question of fact for the Workers' Compensation Court, and did not in any way rely on, or even recognize the continuing efficacy of, the awareness doctrine.

We are equally unpersuaded by Employer's contention of a purported incongruity in Claimant's receiving medical treatment provided by Employer two years before an established "date of injury". "Date of injury" is a statutory construct used for specific purposes, *e.g.* to trigger the running of the statute of limitations or to fix compensation rates. A "date of injury" and the fact of injury are not equivalent terms.

Under 85 O.S.1991 § 14, an employer is required to promptly provide such medical treatment as may be necessary to an *injured* employee. The injured employee's right to health care in § 14 is not grounded on disability, as is necessary for entitlement to compensation benefits. There is no incongruity in Claimant having received medical care provided by Employer before the "date of injury" used to determine her rate of compensation for a subsequently occurring disability.

The order of the Workers' Compensation Court is VACATED, and this matter is REMANDED to the Workers' Compensation Court for entry of a new order consistent with this opinion.

ADAMS, J., specially concurs, with separate opinion attached.

HUNTER, P.J., dissents, with separate opinion attached.

ADAMS, Judge, specially concurring:

I concur fully in Judge Hansen's opinion. I write to discuss what some might perceive as a discrepancy between my vote in this case and my vote to approve certain language in *Kerr Glass v. Hepler*, 902 P.2d 1126 (Okla.App.1995) which I now find troubling. In *Kerr*, we faced the issue of which insurance carriers should be responsible for disability from a cumulative trauma hearing loss. Although we remanded the case to the trial court after recognizing the possibility of apportioning liability between insurance carriers "if competent evidence supports such apportionment," we also indicated the trial court should have "applied the traditional two-pronged awareness test of *Coy* to determine the date of injury for purposes of establishing the liability of the insurance carriers." *Kerr*, 902 P.2d at 1129.

In my opinion, the latter statement should not be read to suggest that liability must be determined by applying an arbitrary "date of injury" rather than by apportionment based on medical or scientific principles. My views concerning apportionment in cumulative trauma cases are expressed in my separate

opinions in *Parks v. Kerr Glass,* 880 P.2d 408 (Okla.App.1994) and *Kerr Glass v. Wilson,* 880 P.2d 414 (Okla.App.1994).

HUNTER, Presiding Judge, dissenting:

If, as the majority holds, the date of injury, under these facts, is the date of last exposure, then the claimant was not injured in 1991 and, therefore, not entitled to medical treatment. Claimant notified her employer of her problems in January 1991 and began medical treatments. If she had been fired at that time she could undoubtedly have brought a civil action for retaliatory discharge. *Zaragosa v. Oneok,* 700 P.2d 662 (Okla.1985). However, under the majority holding here, she was not yet injured for the purpose of fixing her rate of benefits.

I do not believe *Peabody Galion Corporation v. Workman,* 643 P.2d 312 (Okla.1982) stands for the proposition stated here. Neither do I believe we can or should extend the legislative act changing the limitations period for cumulative trauma injuries to two years from the date of last exposure, rather than the date of awareness, to also change the date upon which temporary total disability benefits are calculated. This constitutes, in my opinion, judicial legislation which we, the Court of Appeals, are not permitted to do.

For these reasons, I dissent.