**CENTRILIFT and National Union Fire Insurance Company, Petitioners,**

v.

**Ramona EVANS and The Workers' Compensation Court, Respondents.**

No. 85697.

Court of Appeals of Oklahoma, Division No. 4.

Dec. 26, 1995.

Rehearing Denied Jan. 30, 1996.

Certiorari Denied April 11, 1996.

Pat A. Padgett, Whitten, Layman, MacKenzie, Padgett & Whitten, Tulsa, for Petitioners.

Matthew E. Riggin, Robert A. Flynn, Frasier & Frasier, Tulsa, for Respondents.

## OPINION

GOODMAN, Presiding Judge.

This is a review of an order of a Workers' Compensation Court three-judge panel affirming the trial court's award of temporary total disability benefits, and continuing medical treatment. Based upon our review of the record and applicable law, the order is sustained in part, vacated in part, and the matter is remanded with instructions.

### I

Claimant Ramona S. Evans filed her Form 3 June 27, 1994, alleging she had sustained a back injury "[a]t the time claimant was last exposed to repetitive motion and heavy lifting" during the course of her fourteen-year employment as a machinist for employer Centrilift. She sought continuing temporary total disability benefits from April 22, 1994, the day she was laid off. The employer denied the claimant had sustained an accidental injury in the course of her employment, but alleged she had suffered a single-trauma accident at home in May 1991.

A hearing on the matter was held February 13, 1995. The claimant testified; both parties submitted medical evidence.

In an order filed February 21, 1995, the trial court found that, on April 22, 1994, the claimant sustained an accidental personal injury to her back arising out of and in the course of her employment as a result of repeated trauma, and that as a result she had been, and remains, temporarily totally disabled since July 8, 1994. The court awarded benefits from that date, and continuing, not to exceed 150 weeks. The court also ordered the employer to furnish necessary medical treatment.

The employer appealed; a split three-judge panel affirmed the order. The employer seeks our review.

### II

Dispositive of the employer's first proposition of error—that the finding of work-related injury is not supported by competent evidence—is the employer's admission "that there is competent evidence, albeit only Evans' testimony, that her injury was causally related to her employment."

The claimant testified "my back started bothering me several years back, before '91, just an aggravated feeling [but] I just kept it quiet." She conceded, however, that she first sought medical attention in May 1991 when she suffered back pain after tending to her home flower garden. She was on medical leave for 9 to 10 weeks. A "facet nerve block" relieved her pain, and she was released to return to work. Within a year, she said she "started noticing that my back was, you know, tightening up again." She testified that this pain was more severe than she had experienced prior to treatment. She said she concealed her injury for fear of

retaliation. She continued to work until she was laid off, then sought medical attention. The claimant presented supporting medical documentation.

The employer acknowledges that we are bound by the any-competent-evidence standard set out in *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).[1] The employer argues, however, "that the overwhelming documentary evidence ... show that the cause of Evans' injury was her activity in her garden at home."

■ Although we may not agree with the trial court's assessment of the evidence, we are bound to apply the *Parks* standard, and therefore we must decline the employer's invitation to reweigh the evidence. Accordingly, we hold the finding of work-related cumulative trauma injury is supported by competent evidence.

### III

The employer next contends the trial court erred in applying the last-injurious-exposure doctrine to establish the date of injury with respect to the statute of limitations, and the relevant wage rate.

Title 85 O.S.1991, § 43(A), reads, in relevant part:

> [W]ith respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure.

The claimant's Form 3 was filed June 27, 1994, slightly over two months from the date of last work-related trauma. While the claimant sustained some injury in 1991, competent evidence supports the conclusion she suffered a worsening of her condition thereafter during the course of her employment, continuing through the date of last trauma.

■ It is well settled that, since the 1985 amendment of § 43, the statute of limitations in cumulative trauma cases involving continuous employment is measured from the

date of last trauma. Thus, we hold the trial court correctly found the date of injury, for purposes of determining the timeliness of the Form 3, to be April 22, 1994. *B.F. Goodrich Co. v. Williams,* 755 P.2d 676 (Okla.1988); *Kerr Glass v. Hepler,* 902 P.2d 1126 (Okla.Ct. App.1995).

■ However, the change in the method of computing periods of limitation for filing claims for cumulative trauma injuries in workers' compensation proceedings had no effect on the method for determining the date of injury for assessing liability or establishing the rate of compensation. *See, e.g., Oklahoma Petroleum Workers' Compensation Ass'n v. Mid–Continent Casualty Co.,* 887 P.2d 335 (Okla.Ct.App.1994). The rate of compensation is calculated based upon the claimant's average weekly wage *at the time of injury.* 85 O.S.1991, § 21; *Wal–Mart Stores, Inc. v. Switch,* 878 P.2d 357 (Okla. 1994). In cumulative trauma cases, "the 'accident' which gives rise to the claim becomes such when the worker becomes aware of the 'defect' and of its job relatedness." *Williams Co. v. Lawrence,* 824 P.2d 1134, 1136 (Okla. 1992) (quoting *McDonald v. Time–DC, Inc.,* 773 P.2d 1252 (Okla.1989)).

■ The record before us reveals the claimant sought medical attention in May 1991, and at that time she knew her back problems were related to her employment. The maximum rate for temporary total disability from November 1, 1990, through August 31, 1992, was $246 per week. Thus, we hold the trial court erred in awarding the claimant benefits based on the date of last trauma. That portion of the order is hereby vacated, and the matter is remanded with directions to base the claimant's award on weekly wages of $246 for temporary total disability.

### IV

■ The employer next argues the trial court erred "as a matter of public policy" in

---

1. We find the employer's reliance on *Graves v. Safeway Stores, Inc.,* 653 P.2d 1236 (Okla.1982), is misplaced. *Graves* does not stand for the proposition that "there is room for evaluation by a reviewing court," but that a three-judge panel's

modification of a trial court award must be supported by competent evidence. If it is not, this court may vacate the order, and remand with directions to enter an order in compliance with the undisputed, "competent" evidence.

ordering medical care to be administered by a Tulsa physician when the claimant lives in Texas. The employer specifically objects to paying the claimant's travel-related expenses between Oklahoma and Texas.[2]

Workers' Compensation Court Rule 19A, 85 O.S.1991, ch. 4, app., provides:

> Travel expenses incurred while receiving reasonable and necessary medical treatment shall be paid to the claimant as follows: Mileage and necessary lodging expenses are limited to the provisions of the State Travel Reimbursement Act, 74 O.S. Section 500.1 et seq. Meals will be reimbursed at the rate of six dollars ($6.00) per meal, not to exceed three meals per day. Travel expenses paid to the claimant shall include only expenses for travel from the residence of the claimant at the time of the medical treatment, not to exceed 600 miles round trip. The employer shall not be liable for travel which is wholly within the limits of the city or town of the claimant's residence. Exceptions to this rule shall be at the discretion of the Court.

*See also Scruggs Bros. & Bill Garage v. State Industrial Comm'n*, 94 Okla. 187, 221 P. 470 (1923) ("Where [medical] treatment is to be gotten at a distance from the place of injury, the expense thereof properly includes actual outlay for railroad fare").

The claimant contends at trial the employer acquiesced to the Tulsa physician, and should not be permitted to object for the first time in this review. We disagree.

At the conclusion of the trial court hearing, the claimant requested that any further treatment "be done at the hands of Doctor Mark Hayes" a Tulsa orthopedic specialist. The employer responded:

> Our only problem is that she says she is living in Texas, Your Honor. We have no problem with Doctor Hayes, but if she is living in Texas that might be quite something to try to have treatment in Oklahoma.

The claimant replied: "We will work that out, if in fact, the Court finds this is compensable."

We find the employer sufficiently stated and preserved an objection to liability under Rule 19A. However, the order under review makes no provision for payment of costs incidental to the claimant's future medical treatment, and the record before us does not indicate that such expenses have been incurred.

This court generally will not decide abstract or hypothetical questions not shown to have arisen under the facts and record. *In re Mayes–Rogers Counties Conservancy District Formation*, 386 P.2d 150 (Okla. 1963). Nor will we decide questions disconnected from the granting of actual relief, or make determinations where no practical relief may be granted. *Rogers v. Excise Board*, 701 P.2d 754, 761 (Okla.1984).

We conclude that the matter of Rule 19A expenses has not arisen under the record presented, and therefore no actual relief is possible. In arriving at this conclusion, we note, however, that Rule 19A vests the trial court with discretion in determining liability for such expenses. Under the facts presented, liability should be predicated at the very least upon proof that treatment of the claimant in Tulsa is necessary due to unique skill or knowledge of the claimant's condition which is unavailable to the claimant in proximity to her place of residence.

## V

The employer last attacks the probative value of the claimant's medical evidence to support an award of temporary total disability benefits. The argument is that the evidence is "stale." We agree with the trial court's ruling that "[u]nder the circumstances I think that has been explained why it's stale." The award of temporary total disability benefits is supported by competent evidence and is hereby sustained.

---

2. The record assembled for appellate review is silent regarding the claimant's current domicile. The parties, however, suggest that she lives in Texas. For purposes of our review, we will accept the admissions in the parties' appellate briefs as a supplement to a record otherwise silent on the matter. *Deffenbaugh v. Hudson*, 791 P.2d 84, 85 (Okla.1990).

ORDER SUSTAINED IN PART, VA-CATED IN PART, AND REMANDED WITH INSTRUCTIONS.

RAPP, V.C.J., and STUBBLEFIELD, J., concur.